# Rev. James A. Cosgrave, Trustee of St. James Roman Catholic Church, West End, Pittsburg, *v.* Catherine Hammill, Appellant.

*Practice, C. P.—Affidavit of defense.*

Where the grounds set up in an affidavit of defense do not traverse the obligation declared upon in the statement, but are in the nature of confession and avoidance, in reduction or set-off to the payment sued for, the averments of the affidavit must be specific as to the amounts claimed in reduction, so that plaintiff may, if he choose, elect to admit them and take judgment for the balance.

*Landlord and tenant—Covenants—Damages.*

A lessee in a written lease of a lot agreed to pay taxes, to build a house on the lot, to deliver up the premises "in good and sufficient repair as when received," and not to sublet. The lessor agreed to pay at the termination of the lease $500 to the lessee for the building erected by him on the lot. In an action by the lessee to recover the $500, the lessor filed an affidavit of defense averring that the plaintiff had not complied with the terms of the lease inasmuch as he had sublet without consent, but not averring the amount of the damages; that water rent had not been paid "at the time of the notices and demands," but not stating that it had not been paid at the time of suit brought; that at the time of making the lease there was a collateral agreement to remove a stable, which lessee had not done, but not stating damages, nor that the agreement set up was an essential part of the contract without which the lease would not have been signed; and finally that the premises had not been yielded up in as good repair as when received. *Held*, that the affidavit of defense was insufficient.

Argued Nov. 8, 1895. Appeal, No. 132, Oct. T., 1895, by defendant, from order of C. P. No. 3, Allegheny Co., Nov. T., 1894, No. 462, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover $500 on a covenant in a lease.

Rule for judgment for want of a sufficient affidavit of defense.
The material portion of the lease was as follows :

Article of agreement made this 25th day of September, A. D.
1889, between Catharine Hammill, of the city of Pittsburg,
Allegheny Co., Penn'a, of the first part, and Rev. James A. Cos-
grave, Trustee for St. James R. Catholic Church, West End,
City and County aforesaid, of the second part witness, that the
said party of the first part doth hereby lease and let unto the
said party of the second part from the 25th day of September,
A. D., 1889, for and during the term of five years (5) for the
quarterly rent of seventy-five (75) dollars, lawful money of the
United States, payable quarterly in advance ; fifty (50) feet of
that certain ·lot situate in the 36th Ward of the City of Pitts-
burg, on the corner of Mill and Main Streets, and bounded
and described as follows to wit: Fifty (50) feet from the founda-
tion walls of McCormick building on Main Street, and one hun-
dred (100) feet from corner of Mill street, and running back 140
feet to an alley.    The party of the first part shall pay all state,
county and city taxes assessed against said lot during said lease.
The party of the second part to pay all taxes that may be as-
sessed on any building or buildings erected on said lot.    It is
also understood that the party of the second part will erect a
hall on said premises, and that the party of the first part agrees
to pay said party of the second part $500.00 for said building
at the expiration of the lease, unless said party shall release or
purchase said lot from the party of the first part.

And the said party of the second part covenant and agree to
pay the rent aforesaid, at the days and times herein before
limited and appointed for the payment thereof; that he will
not re-let or sub-let the premises, or any part thereof or assign
this lease without the written consent of the said party of the
first part; that he will pay for any gas used upon said premises
and all water rent assessed thereon, and make all necessary
repairs at his own proper costs and charges, without abatement
of the said rent; and at the expiration of the term aforesaid,
shall and will yield up the said premises in good and sufficient
repair as when received, (reasonable wear and tear and acci-
dents by fire excepted) without any further notice from the said
party of the first part.

Defendant filed the following affidavit of defense :

1. That plaintiff has not complied with the terms of the lease, a true copy of the original lease being hereto attached, and defendant makes profert of the original lease.

2. Defendant denies that plaintiff complied with the covenants of said lease being hereto attached and made a part hereof, in that (*a*) he broke the covenant to pay the water rents assessed thereon, there being due at the time of the notices and demands as set forth in plaintiff's statement there was accrued and due the Monongahela Water Company water rent for the year 1894, amounting to $25.00.

(*b*) That said plaintiff relet and sublet said building and premises without the written consent, or any consent of defendant to the great damage thereof.

3. That at the time of the making of the lease in this case it was agreed between the plaintiff and this affiant that plaintiff should remove to the adjoining lot of land a building or stable thereon erected, which he did not do, but on the contrary to said agreement, tore down said building and used the lumber thereof in the erection of the building sued for in this case.

4. That said lease, in addition to the covenants thereof as set forth in plaintiff's statement, contains the covenant: " And at the expiration of the term aforesaid, shall and will yield up the said premises in good and sufficient repair as when received (reasonable wear and tear and accidents by fire excepted) without any further notice from the said party of the first part."

5. That at the time of the surrender of possession of the premises described in the lease the same were not in good and sufficient repair as when received; on the contrary the same were in a very dilapidated condition and had been allowed to become so by the plaintiff with the intent to cheat and defraud this defendant.

This defendant further avers that the building as described in plaintiff's statement to be put in good and sufficient repair will require the expenditure by her of the sum of $620, which would have been unnecessary had the lessee faithfully complied with his covenants.

Wherefore, defendant says that she is not indebted to plaintiff in the sum of $500, or in any amount whatever.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*George P. Hamilton*, for appellant.—An affidavit of defense is not to be framed with the technical accuracy of formal pleadings, or subject to the severe scrutiny which a fine, critical skill may exercise, but it must exhibit all the elements of a substantial defense. Nothing should be left to inference except that which was necessarily to be inferred: Twitchell v. McMurtrie, 77 Pa. 383.

The defendant should state the facts with reasonable precision. He need not state the manner in which those facts will by proved, or the evidence by which they will be established: Bronson v. Silverman, 77 Pa. 94; Reznor v. Supplee, 81 Pa. 180; Moeck v. Littell, 82 Pa. 354; Kaufman v. Cooper Iron Co., 105 Pa. 537.

*A. V. D. Watterson* and *A. B. Reid*, for appellee.—Whenever a party relies on fraud, it ought to be distinctly and particularly alleged: Clark v. Partridge, 2 Pa. 13.

The defendant should state the facts with reasonable precision and distinctness: Bronson v. Silverman, 77 Pa. 94; Noble v. Kreuzkamp, 111 Pa. 68; Selden v. Neemes, 43 Pa. 421; Lord v. Ocean Bank, 20 Pa. 384: Peck v. Jones, 70 Pa. 83.

OPINION BY MR. JUSTICE MITCHELL, January 6, 1896:

The grounds set up in the affidavit of defense do not traverse the obligation declared upon in the statement but are in the nature of confession and avoidance, in reduction or set-off to the payment sued for. In such cases the averments must be specific as to the amounts claimed in reduction, so that plaintiff may if he choose, elect to admit them and take judgment for the balance: Gould v. Bush, 13 W. N. 29; Watson v. Galloway, 1 W. N. 109. In this respect the affidavit is entirely wanting.

The first ground is a general averment of failure to comply with the terms of the lease, with no specification of the particulars and no averment of damages. The second is also a denial of compliance with the covenants of the lease with the specification of two particulars, *a*, failure to pay water rents to the extent of $25.00 and *b*, subletting without consent. The first was allowed by the court in reduction of the amount of judg-

ment given, although the affidavit was only that the rent was unpaid " at the time of the notices and demands " and not at the time of suit brought. The averment as to subletting without consent does not allege any damages. The third ground, that at the time of making the lease there was a collateral agreement to remove a stable on the demised premises to the adjoining lot is subject to the same objection, besides lacking the necessary averment that the agreement set up was an essential part of the contract without which the lease would not have been signed.

The last ground of defense is that the premises were to be yielded up in as good repair as when received, and that on the contrary, the same were in a very dilapidated condition, had been allowed to become so with intent to defraud the defendant, and that to put them in good and sufficient repair will require the expenditure of $620. This, in spite of its vagueness and generality, would have some plausibility were it not for the fact that appears in the pleadings, that the premises when leased were a vacant lot, and that the only building on it was to be thereafter erected by the lessee of a size, style, cost and subsequent use entirely in his own discretion. In view of this fact the affidavit is simply impudent.

Judgment affirmed.