George S. Barker *v.* A. C. Fairchild et al., Appellants.

*Affidavit of defense—Sale—Practice, C. P.*

An affidavit of defense is sufficient which denies the grounds of liability averred in the statement and those which arise by implication from the averments made.

While the construction of an affidavit of defense should be in favor of plaintiff and against the party making it, a defendant is under no duty to deny a liability not fairly arising from the statement.

Where a statement avers the sale and delivery of merchandise on a certain day, an affidavit of defense is sufficient which avers that plaintiff did not sell and deliver to defendants the merchandise on the day named, and that the defendants did not receive the said merchandise or any portion of it at any price on the said date or at any subsequent time.

Argued March 18, 1895.   Appeal, No. 416, Jan. T., 1894, by defendants, from order of C. P. Bradford Co., Dec. T., 1893, No. 172, making absolute a rule for judgment for want of a sufficient affidavit of defense.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.   Reversed.

Assumpsit for goods sold and delivered.

The plaintiff in his statement averred as follows:

"Also Geo. S. Barker, the plaintiff in the above case, on the 31st day of October, 1891, sold and delivered to said defendants certain goods and merchandise as follows, and the following is a copy of the book entry thereof, 'Oct., 31st, 1891, 23908 lbs., Onions @ 80c. $189.65.'

"And said plaintiff says that no part of the pay for any of said goods and merchandise has been made by said defendants, and that the whole amount thereof, to wit, the sum of $288.26 with interest thereon from the first day of November, 1891, is yet due to said plaintiff and unpaid. And therefore he brings this suit."

Defendants in their affidavit of defense averred:

"That as to the third claim made in this suit, to wit: the one of the said plaintiff of $189.65, for 23,908 lbs. of onions at 80c, alleged to have been sold and delivered to the said defendants hereinbefore named, that defendants have been informed, verily believe and they expect to be able to prove

upon the trial of this cause, that the said plaintiff never sold and delivered to said defendants, or any of them, on October 31, 1891, 23,098 lbs. of onions at 80c as alleged by him."

Defendants filed a supplemental affidavit of defense in which they averred that they have been informed, verily believe, and they expect to be able to prove upon the trial of this cause, that the said plaintiff never sold and delivered to said defendants, or to the firm of Fairchild, Grace & Co., on Oct. 31, 1891, 23.908 lbs. of onions at 80c, as alleged by said plaintiff, nor that said defendants nor said firm of Fairchild, Grace & Co. ever received said onions, or any portion of them, at any price, on Oct. 31, 1891, or at any subsequent time."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Rodney A Mercur, Ulysses Mercur* with him, for appellants. —The plaintiff was not entitled to judgment in the statement of claim filed, which is too defective to sustain the judgment. The copy of his book entries does not charge the defendants, Fairchild, Grace & Co. or any one of them, nor does the statement say that the original does so: Fritz v. Hathaway, 135 Pa. 274; Byrne v. Hayden, 124 Pa. 170; Newbold v. Pennock, 154 Pa. 591; Winkleblake v. Van Dyke, 161 Pa. 5.

If the plaintiff's statement was sufficient in form to call for an affidavit; then we say that, even if the first affidavit was insufficient, the supplemental one was sufficient to put the plaintiff to proof.

It is not necessary that an affidavit of defence be drawn with so much nicety as to meet every objection or argument against the defendants' case, which fine critical skill can deduce, and that no critical skill can suggest an objection: Leibersperger v. Reading Savings Bank, 30 Pa. 531; Thompson v. Clark, 56 Pa. 33; McPherson v. Allegheny Nat. Bank, 96 Pa. 139; Kaufman v. Cooper Iron Co., 105 Pa. 542; Hugg v. Scott, 6 Wharton, 274; Kountz v. Citizens Oil Refinery Co., 72 Pa. 396; Lawrence v. Smedley, 6 W. N. C. 43; Rockhill v. Moore, 1 Clark, 392; Markley v. Stevens, 7 W. N. C. 357; Bronson v. Silverman, 77 Pa. 94; Moeck v. Littell, 82 Pa. 356; Noble v.

Kreuzkamp, 111 Pa. 68; Endlich on Affidavits of Defense, secs. 363, 364; Roberts v. Austin, 5 Wharton, 313; Twitchell v. McMurtrie, 77 Pa. 383; Knerr v. Bradley, 105 Pa. 190; Reis v. Herman, 1. W. N. C. 84; Hunsicker v. Arnold, 1 W. N. C. 589.

*S. W. Little,* *Wm. Little* with him, for appellee.

OPINION BY MR. JUSTICE FELL, May 20, 1895:

It is alleged in the statement of claim filed that " the plaintiff on the 31st of October, 1891, sold and delivered to the defendant certain goods and merchandise as follows, and the following is a copy of the book entry thereof : " Oct. 31st, 1891, 23908 lbs. onions @ 80c. $189.65." The affidavit and supplemental affidavit of defense contain averments that the plaintiff did not sell and deliver to the defendants or either of them or to the firm of Fairchild, Grace & Co., the merchandise mentioned on the day named, and that neither the defendants nor the firm received the said merchandise or any portion of it at any price on the said date or at any subsequent time. The caution with which both parties to the action have avoided entering into the details of the transaction suggests that on each side something material has been kept in the background, and makes applicable the remark of MITCHELL, J., in the opinion in Fritz v. Hathaway, 135 Pa. 280: " It is not always possible to determine whether an affidavit of defense is skillfully drawn to suggest a defense without really swearing to it, or on the other hand whether the statement is with equal skill so worded as to avoid a defense."

The copy of the book account adds nothing to the statement, as it does not show a charge against any one, and the plaintiff's case rests upon the allegation of a sale and delivery of merchandise on a day fixed. These averments are squarely met by the affidavit, and the only suggestion of evasion arises from the fact that the denial is so exact and literal. An affidavit of defense is sufficient which denies the grounds of liability averred in the statement and those which arise by implication from the averments made. While the construction of an affidavit should be in favor of the plaintiff and against the party making it, a defendant is under no duty to deny a liability not fairly arising

from the statement.  The defendants deny a sale and delivery of the goods on the day fixed for both in the statement, and their delivery at any subsequent date.  They were not bound to make further denial.  ·If the sale was on some other date the defendants were not liable under the statement filed.  At a trial no recovery could be had against them without an amendment, and to permit one here with the record in its present state would subject them to the peril of another action for the price of the same goods.  There may be a fair presumption that in the course of business the delivery was on a date following the sale, but this is expressly denied, and .there is no presumption that the delivery was before the sale.  The affidavit of defense, while not full, is quite as full as the statement of claim, and squarely meets all its allegations and all inferences fairly to be drawn from it which impose liability.

The judgment is reversed with a procedendo.