## Addison Hutton, Appellant, v. Margaret McLaughlin.

*Practice, C. P.—Affidavit of defense—Sufficiency.*

Where an original obligation upon which plaintiff bases his cause of action is expressly traversed, with a specific denial of its material parts, and the whole tenor of the affidavit is in refutation of the contract set up in the plaintiff's declaration, nothing further is necessary to put the plaintiff to proof of his claim before a court and jury.

*Practice, C. P.—Essentials of statement and affidavit.*

The evident purpose of the act of May 25, 1887, is to secure full, concise statements of the material facts relied upon, so that each party may know with reasonable certainty the nature and character of the other's claim and contention relative to the subject-matter of the controversy. The practice is open to sharp criticism, where, as in the present case, each party seems to have studiously avoided setting forth anything which might be thought to help the other, even to the suppression of matters properly includible in the pleadings and necessary to a full understanding of the facts involved in the issue.

*Practice, Super. Ct. —Appeals—Paper-books.*

On an appeal from the action of common pleas in granting or refusing judgment for want of a sufficient affidavit of defense, nothing but the declaration and affidavit of defense can be considered by the appellate court. It is therefore unnecessary to print a history of the case in the paper-books of this class of cases.

Argued April 22, 1896. Appeal, No. 91, April T., 1896, by plaintiff, from order of C. P. Westmoreland Co., Aug. T., 1895, No. 588, refusing rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit to recover $700 money loaned.

A rule was taken for judgment for want of sufficient affidavit of defense on the following statement of claim and affidavit of defense filed:

#### PLAINTIFF'S STATEMENT OF CLAIM.

WESTMORELAND COUNTY, *ss.*

Addison Hutton, the plaintiff, claims of Margaret McLaughlin, the defendant, the sum of $700, with interest thereon from October 10, 1889, which is justly due and payable by the defendant to the plaintiff upon the cause of action whereof the following is a statement:

On the 10th day of October, A. D. 1889, at the county aforesaid, at the special instance and request of the defendant, the plaintiff loaned to the defendant the sum of $700, to be used by her in paying and satisfying a certain judgment for a like sum, entered in the court of common pleas of the said county, of May term, A. D. 1889, No. 74, wherein William S. Patton was plaintiff and James Means was defendant; the said judgment then being a lien upon a lot of ground with buildings thereon, in West Newton, Westmoreland county, being lot No. 31 on the general plan of West Newton borough, then the property of the defendant, and which had been conveyed to her theretofore, by the said James Means, by deed dated August 1, 1889, recorded August 7, 1889, in the office for recording deeds for the said county, in deed book No. 170, page 465, etc., subject to the lien of the said judgment.

The said sum, so loaned and borrowed as aforesaid, was applied by the defendant to the purpose for which it was borrowed, to wit, the payment of the said judgment, and the same was duly paid and satisfied of record on or about October 21, 1889, whereby the said lot of ground became and thereafter was freed and cleared of the lien thereof.

And in consideration of the premises, the defendant on the

day first aforesaid, at the county aforesaid, undertook and faithfully promised to repay to the plaintiff the sum so loaned and borrowed as aforesaid, with interest, when the same should be demanded.    There was no bond, note, duebill or other written instrument given or demanded at the time of the loan; the plaintiff relying solely upon the verbal promise of the defendant made as aforesaid.

And the plaintiff, on or about the 8th day of January, A. D. 1892, and at sundry times thereafter, has lawfully demanded of the defendant the payment of the said sum; but the defendant, at the time last aforesaid, and at sundry other times, when requested thereto, refused to pay, and still refuses to pay the same or any part thereof; and the whole amount remains due as aforesaid.

### AFFIDAVIT OF DEFENSE.

WESTMORELAND COUNTY, *ss.*

Before me personally came Margaret McLaughlin, defendant, who being duly sworn according to law, deposes and says she has a full, just, legal and complete defense to the whole of the plaintiff's claim, the nature and character of which is as follows:

Defendant never borrowed the said sum of money claimed by the plaintiff from said defendant nor any part thereof, and never undertook, promised, or agreed orally or otherwise to pay the said sum or any part thereof to the said plaintiff by parol, in writing or otherwise, and is not indebted to the said plaintiff in any sum whatsoever.

Defendant further deposes and says that if any money was borrowed from the said plaintiff, and loaned by him to any one it was loaned to James Means who was then defendant's husband, upon his credit and undertaking, without any promise or undertaking on the part of this defendant to pay the same or any part thereof.

Defendant further avers that if James Means, with whom alone plaintiff dealt, is liable to plaintiff, which defendant does not undertake to determine, plaintiff could not claim from him or any one more than 3 per cent per annum, and then only from October, 1891, as defendant will be able to show if it be material to make proof of the same.

All of which defendant avers to be true and expects to be able to prove on the trial of said cause by competent testimony.

*Errors assigned* were (1, 2) refusing judgment and dismissing rule.

*Curtis H. Gross, Sidney J. Potts, Edward F. Pugh* and *Henry Flanders* with him, for appellant.—The affidavit of defense is insufficient because it neither admits nor denies' several of the material allegations of plaintiff's statement of claim.　An affidavit of defense must answer all material allegations of the statement: Class v. Kingsley, 142 Pa. 636.　It is not sufficient in an affidavit simply to deny the indebtedness.　The facts and circumstances must be stated: Gould v. Gage, 118 Pa. 559; Kaufman v. Iron Co., 105 Pa. 541.　Nor is it sufficient to deny that a loan was made or that defendant promised to pay it: Bank v. Stadelman, 153 Pa. 634.　The affidavit insinuates, but does not aver: Lehman v. Jaquett, 5 W. N. 183.　Such an affidavit is condemned in Neal v. Vollrath, 24 W. N. 124.

*Frank H. Guffey, Albert H. Bell* with him, for appellee.— The affidavit is not evasive or equivocal or wanting in positiveness: Gaily v. Kirkpatrick, 171 Pa. 50; Barker v. Fairchild, 168 Pa. 246.　It is sufficient if an affidavit of defense sets forth facts showing the substantial prima facie defense which can probably be established; it is not necessary for a defendant to meet by oath every objection or argument against his case which fine critical skill may deduce: McPherson v. Bank, 96 Pa. 139.　If an affidavit sets forth substantially a good defense it should be supported: Thompson v. Clark, 56 Pa. 33; Selden v. Neemes, 43 Pa. 421.　If it puts the plaintiff upon proof of any matters dehors the instrument sued on, it is sufficient to prevent judgment: Hunter v. Reilly, 36 Pa. 509.

OPINION BY SMITH, J., May 11, 1896:

We think the affidavit filed in this case was sufficient to justify the action of the learned court below in refusing judgment for want of a sufficient affidavit of defense.

Where the defense set up is in the nature of confession and avoidance, the facts relied upon must be set out fully and specifically, so that their relevancy and sufficiency may be deter-

mined by the court, on a motion for judgment based on their alleged insufficiency: Cosgrave v. Hammill, 173 Pa. 207; Class v. Kingsley, 142 Pa. 636. But where, as here, the original obligation upon which the plaintiff bases his cause of action is expressly traversed, with a specific denial of its material parts, and the whole tenor of the affidavit is in refutation of the contract set up in the plaintiff's declaration, nothing further is necessary to put the plaintiff to proof of his claim before a court and jury: Landis v. Railroad Co., 133 Pa. 579; Barker v. Fairchild, 168 Pa. 246.

The material averments of the plaintiff's declaration are that on October 10, 1889, he loaned $700 to the defendant upon her verbal promise to repay it on demand, and that the money was used by the defendant to satisfy a judgment against James Means, which was then a lien on real estate conveyed by Means to her. In her affidavit, the defendant denies that she ever borrowed this sum of money or any part of it from the plaintiff, as he alleges, and never undertook or promised to pay it, or any part of it; she further says that James Means was then her husband; that if any loan was made it was to him, upon his credit and undertaking, and with whom alone the plaintiff dealt; and that she is not indebted to the plaintiff in any sum whatsoever.

Here is an unequivocal denial of the plaintiff's allegation of a loan to her, and of her promise to repay it, together with the averment that the defendant, at the time of the alleged loan, was a married woman, the wife of James Means, who was the defendant in the judgment mentioned.

The implication contended for, from the application of the money to a judgment which was a lien on the defendant's real estate, is sufficiently met for the purposes of the present hearing by the assertion that the loan, if made, was to the defendant's husband, and the judgment so paid was against him only. Under the law he alone was personally liable for the judgment. While a lien on the defendant's land, it imposed on her no personal obligation: Act June 12, 1878, P. L. 205.

It may not be amiss to say that neither the declaration nor affidavit of defense in this case can be commended for that completeness of statement, as to essential facts, which the law now contemplates. Since the act of May 25 1887, the com-

pleteness and accuracy required in these documents are substantially the same: Fritz v. Hathaway, 135 Pa. 274; and one evident purpose of that statute is to secure full and concise statements of the material facts relied upon, so that each party may know with reasonable certainty the nature and character of the other's claim and contention relative to the subject-matter of the controversy. No such purpose is disclosed in either of these documents in this case; on the contrary each party seems to have studiously avoided setting forth anything which it might be thought would help the other, even to the suppression of matters properly includible in the pleadings, and necessary to a full understanding of the facts involved in the issue. This practice has been sharply criticised by our Supreme Court (Barker v. Fairchild et al., 168 Pa. 246), and we very willingly follow that tribunal in condemning it as misleading and improper.

A discussion arose at the argument over the correctness of the history of the case contained in one of the paper-books. While in cases requiring such a history the objection would be well taken, it need not be considered here, for the reason that it is not a proceeding in which, under the rules of this court, a history of the case becomes necessary. On an appeal from the action of a court of common pleas in granting or refusing judgment for want of a sufficient affidavit of defense, nothing but the declaration and affidavit of defense can be considered by this court: Hunter v. Reilly, 36 Pa. 509; Allegheny City v. McCaffrey, 131 Pa. 137; Lane v. Penn Glass Sand Co., 172 Pa. 252. It is therefore unnecessary to print a history of the case in the paper-books of this class of appeals.

The appeal is dismissed at the costs of the appellant, but without prejudice, etc.