Lizzie Leo, Appellant, v. Pennsylvania Railroad Company.

*Practice, C. P.—Affidavit of defense—Sufficiency.*

Where the original obligation or cause of action is expressly traversed. with a specific denial of the material parts or essential facts, and the whole tenor of the affidavit is in refutation of the contract set up or cause of action alleged in the plaintiff's statement, nothing further is necessary to put the plaintiff to proof of his claim before the court and jury.

Argued Oct. 18, 1898. Appeal, No. 144, Oct. T., 1898, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1898, No. 438, refusing judgment for want of a sufficient affidavit of defense. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover the sum of $500, with interest, from April 23, 1897, alleged to be due the plaintiff as a result of the membership of plaintiff's husband in the Voluntary Relief Department of the Pennsylvania Railroad Company.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was discharging rule for judgment for want of a sufficient affidavit of defense.

*Robert B. Kelly* and *D. Webster Dougherty*, for appellant.— An affidavit of defense which, on its face, tells only half the story, is bad: Neal v. Bollrath, 24 W. N. C. 124.

The affidavit of the defendant is evasive and deficient in replying to the distinct averments of plaintiff's case. It sets up simply an argument and a conclusion of fact. It avers that plaintiff's death was the result of " sickness " and not from " accident," within the meaning of the regulations referred to in the affidavit. The affidavit should have stated what the sickness was, and how and when acquired, so that the court could decide whether or not the " sickness " from which the deceased died was independent of, or had any connection with, the accident which happened to the deceased, which it is alleged in the statement was the cause of death, and the ground of claim from the relief association.

*John Hampton Barnes*, with him *Geo. Tucker Bispham*, for appellee.—The affidavit of defense sets up: (*a*) That the plaintiff's decedent received payments for disability for fifty-two weeks; (*b*) that at the expiration of the said period of fifty-two weeks, to wit: in December, 1895, the plaintiff's decedent was discharged from the employment of the defendant company, and (*c*) that he subsequently made no contributions to the voluntary relief fund.

The affidavit of defense denies that the death of plaintiff's decedent, which occurred in April, 1897, was due to the sickness or disability for which the said benefits were paid.

.It therefore appears that before the contract between the parties can be construed so as to enable a court to enter judgment either for the plaintiff or the defendant, that there are the following material facts, affirmed by the plaintiff and denied by the defendant, namely :

1. Whether the plaintiff became entitled to disability payments from an accident or from sickness.

2. That the plaintiff's decedent performed his part under the said contract.

3. That the plaintiff's decedent was discharged from the service of the defendant.

4. Whether the plaintiff's decedent continued his contribution after such discharge.

5. Whether the death of the plaintiff's decedent was due to disability or sickness (or if it should be determined an accident occurred) for which he received disability payments.

Where the court below has refused to give judgment against a defendant for want of a sufficient affidavit of defense, an appellate court will not reverse the order of the court below refusing judgment, except in cases of perfect clearness and freedom from doubt: Ensign v. Kindred, 163 Pa. 638.

Such an order will be affirmed unless plain error of law is made to appear in it: Radcliffe v. Herbst, 135 Pa. 568.


OPINION BY RICE, P. J., January 18, 1899 :

John H. Leo, on November 4, 1892, was an employee of the defendant company and a contributor to its Voluntary Relief Department.    By an agreement between them it was stipulated that the defendant should apply from his wages the sum of $1.50 cents per month to the relief department, and that he should be entitled, in the event of sickness or accident, to benefits, and in the event of death resulting, that his wife, the plaintiff in this action, should be entitled to the sum of $500, subject to the conditions contained in the regulations adopted by the relief department.    The regulation, thus made part of the contract, touching death benefits provides that to entitle the beneficiary to them the death of the member shall occur

" during the time for which he shall have contributed, or while receiving disablement benefits, or during a month in which he shall have recovered from disability."

Other regulations provide, that in case of "accident" the person injured shall be entitled to disablement benefits for the entire period he is disabled; and that in case of disablement from "sickness," he shall only be entitled to benefits for a period not greater than fifty-two weeks.  It becomes important, therefore, to determine whether the disablement of the decedent terminating in his death, resulted from "accident" or "sickness;" for if it resulted from the latter, the averments of the affidavit of defense, taking them to be true, make it sufficiently clear, that the death of the decedent did not occur until long after the expiration of the period during which he received, or was entitled to, disablement benefits.  As we view the case, as now presented, the only questions which require notice are, whether the plaintiff's statement alleges that the disablement of the decedent resulted from "accident" within the meaning of the regulations, and whether the denial of this allegation in the affidavit of defense is sufficient to carry the case to a jury.  The allegation of the statement is, that "on or about the fifteenth day of December, A. D. 1894, while the said John H. Leo was in the service of the defendant, he was disabled and injured in his back, while unloading one of the defendant's freight cars at its transfer station in the city of Philadelphia; that the said injury resulted in paralysis of the brain; from which the said John H. Leo died on the twenty-third day of April, A. D. 1897, after a long illness."  Granting that this is a sufficient averment that the disablement resulted from "accident," and that the death of the decedent occurred during its continuance, is it not sufficiently denied in the affidavit of defense?  We think it is.  In the first place, the preceding general allegation of the statement, that the decedent "fulfilled all the stipulations on his part to be fulfilled under said agreement," is denied in as broad terms as it is made.  In this particular the affidavit is as specific as the statement, and is responsive.  If, as alleged in the affidavit, the death of John H. Leo did not occur during any time for which he was a contributor to the relief department, nor while he was receiving or entitled to receive, disablement benefits therefrom, the plain-

tiff has no case. In the second place, the specific allegation above quoted is met in the affidavit by the explicit and unequivocal averment, " that the disablement of the said John H. Leo was the result of sickness and not of accident, as set out in the said statement of claim ; " and this express denial of the fundamental allegation of fact upon which the plaintiff rests her case is accompanied by the corroborative averments that the conditions (setting forth what they are) which must exist in order to entitle a member to "accident" benefits never existed in the present case ; that the decedent never claimed such benefits ; but that he did claim and receive "sick" benefits during the period covered by the regulations. We need not go further into the details of the affidavit. Instead of being evasive, it seems to us to meet every claim which could possibly arise out of the agreement between the parties, and to aver a good defense thereto.

Where a defendant is put, by the statement or by the nature of the action, under an obligation, his affidavit, to be valid, must deny the supposed facts which create the obligation on his part: 1 P. & L. Dig. of Dec. and Ency. of Pa. Law, 159. Here the plaintiff's case rests on the alleged fact that the decedent's disablement resulted from "accident" as defined in the regulations set forth in the affidavit of defense, and this allegation is expressly denied. Reading the affidavit as a whole, the court was clearly right in holding that it was sufficient to put the plaintiff to proof of her claim before a jury. See Landis v. R. R. Co., 133 Pa. 579 ; Barker v. Fairchild, 168 Pa. 246 ; Hutton v McLaughlin, 1 Pa. Superior Ct. 642.

The appeal is dismissed at the costs of the plaintiff, but without prejudice, etc.