# Brainerd v. Davis, Appellant.

*Affidavit of defense—Contract—Sale—Payment in goods—Bankruptcy.*

In an action by a trustee in bankruptcy to recover for goods sold and delivered by the bankrupt, an affidavit of defense is sufficient which avers that the goods were bought under a special contract, by which they were to be paid for in gear wheels made by defendant on orders for particular kinds of wheels by the seller, and that defendant had always been ready and willing to carry out the agreement in the terms in which it was made.

*Appeals—Affidavit of defense—Records—Exceptions.*

An appeal from an order discharging a rule for judgment for want of a sufficient affidavit of defense may be taken without any exceptions filed. The affidavit of defense is a part of the record and needs no exception to bring it upon the record.

Argued Oct. 23, 1902.    Appeal, No. 153, Oct. T., 1902, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1902, No. 489, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John D. Brainerd, Trustee of the Estate of John W. McFadden, trading as Mechanics Tool Company, v. Rodney Davis.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Ruby R. Vale*, with him *Alexander & Magill*, for appellant.— It is elementary law that a demand for performance according to the terms of the contract must be made by the promisee before the promisor can be put in default on an express contract under the terms of which payment is to be made, not in money, but in services or specific articles or both, and no time or place of performance is specified. A demand preceding the action is unnecessary only when the time or place of performance, or both, are clearly specified in the contract : Phillips v. Allegheny Car Co., 82 Pa. 368 ; Stewart v. Morrow, 1 Grant, 204 ; Barr v. Myers, 3 W. & S. 295 ; Roberts v. Beatty, 2 P. & W. 63 ; Church v. Feterow, 2 P. & W. 301 ; Brown v. Foster, 51 Pa. 165 ; Kime v. Kime, 41 Ill. 397 ; Stewart v. Smith, 28 Ill. 397 ; Weil v. Tyler, 38 Mo. 545 ; State v. Mooney, 65 Mo. 494 ; Rice v. Churchill, 2 Denio (N. Y.), 145 ; Wyatt v. Bailey, 1 Morris (Iowa), 396 ; Russell v. Ormsbee, 10 Vt. 274 ; Boody v. Rutland, etc., R. R. Co., 24 Vt. 660.

As a corollary to the preceding proposition it has uniformly been held that a promise to pay in services or specific articles, which does not designate the time or place of performance, becomes an obligation to pay in money, for which an action may be maintained, only after there has been a demand by the promisee for the performance of the services or the delivery of the articles and a refusal so to do by the promisor; and that therefore an affidavit of defense is sufficient in law which denies a contract to pay in money, avers a promise to pay in services or specific articles, or both, and which avers a continuous willingness to perform the services or deliver the goods from the date of the making of the contract to the present : Gould v. Richardson, 11 Phila. 202 ; Altimus v. Elliott, 2 Pa. 62 ; Hamilton v. Calhoun, 2 Watts, 139 ; Fleming v. Potter, 7 Watts, 380 ; Lobdell v. Hopkins, 5 Cowen, 516 ; Woods v. Dial, 12 Ill. 72 ; Bilderback v. Burlingame, 27 Ill. 337 ; Schri-

ner v. Peters, 39 Ill. App. 309; Morey v. Enke, 5 Minn. 392; Vance v. Bloomer, 20 Wendell, 196.

*Julius C. Levi,* with him *William C. Wilson,* for appellee.— The affidavit of defense is no part of the record, and there is no way to make it so, except by the medium of a bill of exceptions allowed and sealed by the court: Connell v. O'Neil, 154 Pa. 582; Smith v. Times Publishing Co., 178 Pa. 481; Titusville Building & Loan Assn. v. McCombs, 92 Pa. 364; Com. v. Arnold, 161 Pa. 320 ; Mehring v. Com. B. & L. Assn., 17 W. N. C. 422.

The affidavit was sufficient: Roberts v. Beatty, 2 Penrose & Watts, 63.

OPINION BY BEAVER, J., December 13, 1902:

The plaintiff, the trustee in bankruptcy of John W. McFadden, declared in assumpsit upon a book account for goods and merchandise sold and delivered.

Defendant, in his affidavit of defense, distinctly avers that all of said goods and merchandise, save items aggregating $58.46, were sold and delivered under a special contract, in and by the terms of which the same were to be paid for by the defendant " in trade, that is, he (defendant) would make gear wheels for said McFadden, and would cut any wheels for which he gave orders and would supply him, McFadden, any stock which defendant had in hand that McFadden needed from time to time; " that McFadden " subsequently directed the defendant to cut some gears for him, which defendant did, and for which he has been allowed credit by the plaintiff in accordance with said agreement; " that " the prices for the work and materials in which the bill of goods purchased by defendant was to be paid, it was agreed should be the usual and customary market prices for such labor and material," and that defendant has " always been ready and willing to carry out said agreement in the terms in which it was made:"

Defendant could not move in carrying out this contract, except at McFadden's orders. Whether the gear wheels were to be straight or beveled and, if beveled, at what angle, the depth of the cogs and the distance apart all depended upon McFadden. And so of stock or materials on hand ; defendant was to supply

such as McFadden needed. There could be no tender, therefore, on the part of defendant. He could not take the initiative. He could supply only as McFadden ordered or needed. We think, therefore, the affidavit was good and should have prevented the entry of judgment, except for the amount admitted to be due, viz: $58.46.

We are asked to quash this appeal, because no exception was taken to the action of the court below in entering the judgment and no bill of exceptions specially allowed, and the ground upon which the motion is based is that the affidavit of defense is not a part of the record, until made so by an exception allowed and sealed by the court. If the assumption of the appellant that the affidavit of defense is not a part of the record is correct, his contention would doubtless be well grounded, but it is not correct. The affidavit is a part of the record, necessarily so ; else how could the court below pass upon its sufficiency? We intimated in Hutton v. McLaughlin, 1 Pa. Superior Ct. 642, that the statement and affidavit of defense in a case of this kind constituted the record. " On an appeal from the action of a court of common pleas in granting or refusing judgment for want of a sufficient affidavit of defense nothing but the declaration and affidavit of defense can be considered by this court : Hunter v. Reilly, 36 Pa. 509 ; Allegheny City v. McCaffrey, 131 Pa. 137 ; Lane v. Penn Glass Sand Co., 172 Pa. 252." In Danziger v. Williams, 91 Pa. 234, it was even held that, in an action for a quarter's rent, the affidavit of defense filed in a previous suit for other rent under the same lease was a part of the record in the second suit, Mr. Justice PAXSON, who delivered the opinion, saying : " The record of the first suit shows that the only defense set up was that the defendant did not lease or occupy the premises, as claimed by the plaintiff. It is true there was no plea filed, but there was an affidavit of defense, in which this single ground of defense was taken. The affidavit is a part of the record and is entitled to be considered when we examine the record of the first suit to ascertain just what was claimed and denied." The Procedure Act of 1887, P. L. 271, makes no change in this respect. We must, therefore, accept the affidavit as a part of the record for the purposes of this case as the court below did and rule upon its sufficiency, as that is the only question before us.

We do not think a special bill of exceptions is necessary. The appeal brings the record before us. The cases to which the appellee refers us have no relevancy whatever to the question. The ground upon which the court held, in two of the cases referred to, that, in an appeal from a decree discharging the rule for judgment for want of a sufficient affidavit of defense, a bill of exceptions was necessary, was that the Act of April 18, 1874, P. L. 64, under which a writ of error in such cases was allowed, required an exception. We do not think the motion to quash is well founded and it is, therefore, dismissed.

Judgment reversed and a procedendo awarded, with leave to the plaintiff to apply to the court below for judgment for the amount admitted to be due.