## Scranton City *v.* Watson, Appellant.

*Municipal lien—Affidavit of defense—Parties.*

Where a scire facias sur municipal lien for paving is filed against a man, described as owner or reputed owner, and against a woman of the same name described as real owner, and the man files an affidavit of defense in which he avers that he was not, and never had been a terre tenant in possession or otherwise, and the woman files an affidavit of defense in which she positively denies that she

86, (1915).]    Syllabus—Opinion of Court below.

ever had notice of the meeting of viewers, or of the filing of the lien or of an intention to file a lien, the court cannot assume that as the man and woman had the same name, and lived on the premises, that they were man and wife, and that the notice to the man must have been within the knowledge of the woman.

In such a case the appellate court in reversing the judgment entered for want of sufficient affidavits of defense will reverse the judgments both as to the man and the woman so that there may be a trial on the scire facias as to both defendants.

In disposing of a rule for judgment for want of a sufficient affidavit of defense, nothing is before the court except the plaintiff's statement and the defendant's affidavit in reply to it.

Argued March 2, 1915.    Appeal, No. 17, March T., 1915, by defendants, from order of C. P. Lackawanna Co., Jan. T., 1914, No. 790, making absolute rule for judgment for want of a sufficient affidavit of defense in case of City of Scranton v. W. W. Watson and Annie M. Watson, real owner.    Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.    Reversed.

Scire facias sur municipal lien for paving.    Before NEWCOMB, J.

Rule for judgment for want of a sufficient affidavit of defense.

NEWCOMB, J., filed the following opinion:

While it doesn't distinctly appear in the record, yet the fact was at least tacitly assumed at bar that defendants are husband and wife and as such have been living together at the premises in question during all the time with which the case is concerned.    It originated in 1907 in proceedings by the city under the Act of May 16, 1891, P. L. 75, to grade and pave one of its public streets at the expense of the abutting properties according to the respective benefits.    One of these parcels is defendants' home.    Thus the lien now sought to be put in judgment is founded on an assessment made by a board of viewers duly appointed at the instance of the city.    Mr. Watson alone was therein named as owner, or reputed owner.

Mrs. Watson's name first appears in the præcipe for this writ where the parties are named as in the above caption. But that is believed to be a matter of no importance on the present motion. If it had been deemed an irregularity advantage of it might have been taken by motion to quash. Instead of that, defense was taken by affidavit.

There is no apparent reason why the new party could not have been added if the city solicitor had laid ground for it by affidavit setting forth the names of all the owners or supposed owners, as in other cases where it is sought to charge particular premises with the payment of a specific lien; or she might have been brought in by operation of the sheriff's return of service if not named on the face of the writ. Hence, in view of her election to take defense on the merits, the irregularity, if any, must be deemed to be cured.

Separate answers are filed, neither of which is believed to be sufficient to prevent judgment. Mr. Watson merely denies liability because he is neither the owner nor a terre tenant. That would seem to be irrelevant to a cause of this nature where no personal liability is asserted.

The fee evidently has been in Mrs. Watson since 1894, as it so appears by her answer. The grounds upon which she contests the writ are properly the subject of exceptions to the viewers' report which went to final confirmation in 1908 and has so remained without appeal ever since. But her theory is that she is not thereby concluded because she had no notice of the proceedings.

That at best must be regarded as only technically or formally true. For though no personal service appears to have been made upon her, the record shows that her husband not only had notice, but that he took action thereon. He joined with other persons, whose property was affected, in filing exceptions covering the very matters now sought to be interposed by her as defense to the sci. fa., the questions thus raised went to a full hearing

86, (1915).]   Opinion of Court below—Opinion of the Court.
on depositions, inter alia, that of Mr. Watson, and were eventually decided on the merits adversely to the exceptants. (See opinion and order filed 20th July, 1908, in No. 110, May T., 1907.)

It cannot be supposed that all this happened without Mrs. Watson's knowledge and acquiescence. Her husband had no personal interest of his own to serve except so far as he was concerned on part of the wife and as identified with her interests. It was her property that was the subject of litigation. It would be doing both of them an injustice to hold that his action in the matter was that of a mere volunteer and therefore intrusive. As in the variety of instances concerning the separate estate of married women it must, after this lapse of time and in the absence of an exceptional and affirmative showing to the contrary, be presumed that he acted as the wife's agent and on her behalf.

It follows that, whatever may have been the merits of her claim, she must be held to have had her day in court and to be concluded by the decree made on that occasion which cannot be reviewed on this writ.

The rule to show cause is made absolute. Let formal judgment be entered by the prothonotary sec. leg.

*Error assigned* was the order of the court.

*W. S. Diehl*, for appellant.

*H. M. Streeter*, Asst. City Solicitor, with him *David J. Davis*, City Solicitor, for appellee.

OPINION BY ORLADY, J., October 11, 1915:
On January 9, 1914, the City of Scranton caused to be issued a scire facias sur municipal lien on "its claim and lien, against W. W. Watson, the owner or reputed owner" of property fully described in the lien, for the sum of $803.04, "for the paving with sheet asphalt on concrete base, grading and curbing of Vine street," etc.,

authorized and directed to be made by an ordinance of the city.

In the caption of the scire facias the defendants are given as, W. W. Watson, and in brackets [Annie M. Watson, real owner], owner or reputed owner. Service was accepted by W. W. Watson, and the same day service was accepted by Watson, Diehl and Watson, Esqs., for Annie M. Watson. On January 24th, an affidavit of defense was filed by W. W. Watson and one by Annie M. Watson. On June 1, 1914, the court made absolute a rule for judgment for want of a sufficient affidavit of defense.

The record presented is to be dealt with under well-established rules, one of the latest announcements being in Bernhardt v. Taylor, 223 Pa. 307, as follows: "In disposing of a rule for judgment for want of a sufficient affidavit of defense, nothing is before the court except the plaintiff's statement and the defendant's affidavit in reply to it. To these the court below was confined in determining whether the rule for judgment in this case should be discharged or made absolute: Allegheny City v. McCaffrey, 131 Pa. 137; Columbia National Bank v. Dunn, 207 Pa. 548; Scott Manufacturing Co. v. Morgan, 217 Pa. 367. Instead of confining itself to what appeared in the record before it, the court, in its opinion making absolute the rule for judgment, discussed matters which did not appear either in the certified transcript, upon which the scire facias issued, nor in the affidavit of defense. See also Hutton v. McLaughlin, 1 Pa. Superior Ct. 642; Brainerd v. Davis, 21 Pa. Superior Ct. 599. Measured by the standard thus established we must hold that there was nothing before the court below for its consideration except the scire facias on the municipal lien, and the affidavits of defense filed thereto. The one filed by Annie M. Watson avers in distinct and unequivocal words that she has been continuously the owner, in her own right, of the premises involved since June 1, 1894, by a title of record since June 4, 1894. In

the third paragraph she states, "For some time prior to the purchase of said property by me, and ever since, I have resided on said property, etc., and I hereby aver, that no notice of any of the proceedings in this cause from the inception until after the writ of scire facias issued in this cause against me, was ever given to me, or received by me from any one, either of the appointment of viewers or of the time and place of meeting of viewers, for the exhibition of their schedule of assessments and hearing of exceptions thereto and evidence, nor was any notice whatsoever given me of the filing of said lien, or of an intention to file said lien against my property, and I had no knowledge that a lien had been filed against my property, or any proceedings to assess the same for paving, grading, and curbing said Vine street, until after the issuance of the writ of scire facias in this case, and I am informed by counsel, and believe that I am not liable for the payment of the assessment and lien for the payment of which the scire facias has been issued against me in this case, for the reason that I did not and have not received notice of the proceedings by which my property is sought to be charged by the City of Scranton. I further aver specifically, that I was not given notice by personal service or otherwise, of the time and place of the meeting of the viewers, at which they were to meet and exhibit a schedule of the parties upon whom assessments for benefits were made in the above mentioned proceedings to No. 112, May Term, 1907, as provided by Section 2, of the Act of May 16, 1891, and its supplements." Other defenses are alleged which we do not deem necessary to consider on the present state of the record.

The court below held, "While it does not distinctly appear in the record, yet the fact was at least tacitly assumed at bar, that defendants are husband and wife, and as such have been living together at the premises in question all the time with which the case is concerned" and that the husband having notice, "it cannot be sup-

posed that all this happened without Mrs. Watson's knowledge and acquiescence,........and she must be held to have had her day in court."

The answer to this argument is manifest. There is not a syllable in the record to suggest, much less affirmatively show, that W. W. Watson and Annie M. Watson are husband and wife. The fact that they bear the same family name and reside on the premises does not raise any presumption of law or fact, as to a marital relation. W. W. Watson avers "I am not, and never have been a terre tenant in possession, or otherwise."

It follows, that if the defendant, Annie M. Watson, had no notice and had no opportunity to make defense before the viewers, or in court, the confirmation of the report of the viewers amounts to nothing, as respects the defendant, and defense may be made on the scire facias or upon trial of the cause as the case may be.

In an action of debt to recover an assessment, it appeared that the husband of defendant had been a party to the proceedings in court, but it was not shown that the wife, who owned the property, had notice, or that she appeared in person or by attorney. It was held that she was not a party within the meaning of the act, and was not concluded by the proceedings: Watson v. Sewickley Borough, 91 Pa. 330. In Carrick v. Canevan, 55 Pa. Superior Ct. 233, the question of want of notice, under the same acts of assembly, was raised by the affidavits of defense, and we held that such notice was essential, in which case on review by the Supreme Court in 243 Pa. 291, it was held that "The defendant should be given an opportunity to make good its contentions that it was not served properly with a notice of the viewers' proceedings, and thus place itself in a position beyond question, to present its claim for exemption."

The defense presented by W. W. Watson is questionable, but, as the judgment must be reversed as to Annie M. Watson, we feel that substantial justice requires that the trial should be on the scire facias as to both defend-

ants. If it be determined on the trial that he has no title, or never was a terre tenant in possession or otherwise, and was not a proper person to be served with notice, a judgment allowed to stand on this appeal would but complicate the proceeding and create a cloud on the title that would only induce litigation instead of settle it.

The judgment is reversed with a procedendo.