## William T. Galey *v.* Emma Fitzpatrick, Appellant.

*Promissory notes—Accommodation maker—Affidavit of defense.*

In an action of assumpsit plaintiff averred in his statement that a promissory note had been made and delivered by him to the defendant at her request, for her accommodation, and without any consideration, upon her promise to provide funds with which to pay it at maturity, and also to indemnify and save harmless the accommodation maker, both of which promises were broken by her. Defendant filed an affidavit of defense as follows: " It is wholly false and untrue that the promissory note set out in plaintiff's statement was given for deponent's accommodation or at her request. It is also wholly false and untrue that deponent undertook and promised plaintiff to provide money for the payment of said note when the same should become due and payable, or that she agreed to indemnify and save harmless the plaintiff from any loss or damage for or by reason of his giving said note or that she assumed any liability to plaintiff whatever by reason of his giving said note." *Held* that the affidavit was sufficient to prevent judgment.

Argued March 27, 1895.   Appeal, No. 240, Jan. T., 1895, by defendant, from order of C. P. No. 3, Phila. Co., Dec. T., 1894, No. 132, making absolute a rule for judgment for want of a sufficient affidavit of defense.   Before STERRETT, C. J., WIL-LIAMS, McCOLLUM, MITCHELL and DEAN, JJ.   Reversed.

Assumpsit for breach of contract.

Plaintiff's statement was as follows :

" The plaintiff on the 6th day of June, 1893, for the accommodation, without any consideration, and at the request of the defendant, gave said defendant a certain promissory note for six hundred dollars, dated June 6, 1893, and payable four months after date, whereof the following is a copy :

" $600.00/100                    PHILADELPHIA, June 6th, 1893.

" Four months after date I promise to pay to the order of Emma Fitzpatrick Six hundred 00/100 Dollars, at Chester National Bank.   Without defalcation value received.

" No.                                    W. T. GALEY.

" Due Oct 6/9/93

" Endorsed :

" Pay to the order of John Haugh & Co.
    " Emma Fitzpatrick.
    " John Haugh & Co.
    " Pay to order of Thompson and Bedford.
    " John Haugh & Co.
    " Thompson & Bedford.
    " Pay to order of The Atlantic Refining Co.
    " Standard Oil Company of New York.
    " Thompson & Bedford Department.
    " By E. T. Bedford, Att'y.
    " The Atlantic Refining Co.
        " E. P. Cooper, Cashier."

" That said note was given the defendant that defendant might negotiate the same for her own proper use and benefit. That defendant, in consideration of the premises, then and there undertook and promised the plaintiff to provide money for the payment of said note when the same should become due and payable, and to indemnify and save harmless the plaintiff from any loss or damage for or by reason of his giving said note.

" That said defendant did not provide money for payment of said note when the same became due and payable, nor indemnify nor save harmless the plaintiff from any loss or damage for or by reason of his giving said note.

" That said plaintiff was called upon and obliged to pay the holder of said note the sum of money therein specified, viz, six hundred dollars."

The affidavit of defense is quoted in full in the opinion of the Supreme Court.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Alex. Simpson, Jr.*, for appellant.—A judgment cannot be entered where the contract alleged is specifically denied: Landis v. R. R., 133 Pa. 579.

*Charles P. Blight*, for appellee.—The affidavit must set forth every fact necessary to constitute a defense; nothing must be left to inference: Peck v. Jones, 70 Pa. 83; Bardsley v. Delp, 88 Pa. 420; Snyder v. Powers, 37 Leg. Int. 387; Noble v. Kreuzkamp, 111 Pa. 70; McCracken v. Church, 111 Pa. 106; Keim v. Boughlin, 1 Leg. Rec. 80; Gould v. Gage, 118 Pa. 559; Kaufman v. Cooper Iron Co., 105 Pa. 537.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 7, 1895:

This suit is by the maker of a negotiable note, at four months from June 6, 1893, for $600, to the order of the defendant, indorsed by her and others, a copy of which with the indorsements is set forth in the statement.

In substance, the controlling averments of the plaintiff are that the note was made and delivered by him to the defendant at her request, for her accommodation, and without any consideration, upon her promise to provide funds with which to pay it at maturity, and also to indemnify and save harmless the accommodation maker, both of which promises were broken by her.

In her affidavit of defense, the defendant says: " She has a full, just and complete defense to the whole of the plaintiff's claim, of the following nature and character:

" It is wholly false and untrue that the promissory note set out in plaintiff's statement was given for deponent's accommodation or at her request. It is also wholly false and untrue that deponent undertook and promised plaintiff to provide money for the payment of said note when the same should become due and payable, or that she agreed to indemnify and save harmless

the plaintiff from any loss or damage for or by reason of his giving said note, or that she assumed any liability to plaintiff whatever by reason of his giving said note.

" All of which facts deponent says are true, and she expects to be able to prove them on the trial of the cause."

We are quite at a loss to understand wherein the learned court below considered this affidavit of defense defective. As we read it, it is a clear, explicit and unequivocal denial of every essential averment of fact contained in the plaintiff's statement; and, assuming as we must, in this class of cases, that the defendant's averments are true, the plaintiff has nothing left on which to base a recovery. The court was clearly in error in adjudging the affidavit of defense insufficient and entering judgment for plaintiff. The assignments of error are sustained.

Judgment reversed and a procedendo awarded.