Mary E. Williams, late trading as M. E. Williams, to the use of William C. Duror, her assignee for the benefit of her creditors, Appellant, *v.* Jacob Myers.

*Practice, C. P.—Affidavit of defense—Traverse of cause of action.*

Where an original obligation upon which plaintiff bases his cause of action is expressly traversed with a specific denial of its material parts, and the whole tenor of the affidavit is a refutation of the contract set up in the plaintiff's declaration, nothing further is necessary to put the plaintiff to proof of his claim before a court and jury.

Argued Dec. 17, 1896. Appeal, No. 166, Nov. T., 1896, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1896, No. 259, discharging rule for want of a sufficient affidavit of defense. Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Affirmed.

Assumpsit on a special contract.

Plaintiff's statement alleged: That defendant was the general contractor for a building. Thomas Brown was the contractor for the plumbing, with whom M. E. Williams, the plaintiff, contracted to do certain slate work in and about the said building. That, before any work was done by plaintiff, Brown became insolvent and plaintiff declined to go on, whereupon defendant agreed to assume Brown's liability if plaintiff would proceed, he, defendant, being under a penalty; whereupon plaintiff did go on with the work and furnished labor and material to the amount of $288.50 for which charge a copy of book entries was attached.

Defendant filed the following affidavit of defense.

Jacob Myers, the defendant in the above case, being duly sworn according to law, deposes and says that it is wholly false and untrue that deponent stated, either verbally or otherwise, at any time or place, that he would assume all or any liability to plaintiff, M. E. Williams, for any work done or to be done by her for Thomas Brown, under the contract set out in plaintiff's statement, or for any other contract, or for work done or to be done at the Pennsylvania Institute for the deaf and dumb at Mount Airy, in the city of Philadelphia, or for work done or to be done at any other place; and it is also wholly false and untrue that said plaintiff, M. E. Williams, did any work or had any contract, agreement or understanding to do any work for deponent at said institute, either on April 10, 1893, or any other time, or that he is indebted to her in any sum whatever. All which facts deponent says are true, and he expects to be able to prove them on the trial of the cause.

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was refusal to enter judgment.

*Webster A. Melcher*, for appellant.—The affidavit is insuffi-

cient in that it sets out general statements and conclusions instead of facts.

It does not deny the grounds of liability averred in the statement, and those which arise by implication from the averments therein made.

It is evasive: Neal v. Vollrath, 24 W. N. C. 124; Ashman v. Weighley, 29 W. N. C. 569.

An affidavit which is general is bad: Sharpless v. Stirman, 4 Dist. Rep. 569; Wile v. Onsel, 1 Dist. Rep. 188.

Specific facts, and not general statements and conclusions, must be set out: Bank v. Stadelman, 153 Pa. 634; Erie v. Brady, 127 Pa. 169.

An averment that defendant is "not indebted" is like one of "payment," which (unless fully explained) is bad: McCracken v. Church, 17 W. N. C. 45; Solly v. Moore, 1 Dist. Rep. 688; Iron Co. v. Vandervort, 164 Pa. 572; Galey v. Fitzpatrick, 171 Pa. 50; Barker v. Fairchild, 168 Pa. 246; Hutton v. McLaughlin, 1 Pa. Superior Ct. 642.

*Alex. Simpson, Jr.*, for appellee.—Where an original obligation upon which plaintiff bases his cause of action is expressly traversed, with a specific denial of its material parts, and the whole tenor of the affidavit is a refutation of the contract set up in the plaintiff's declaration, nothing further is necessary to put the plaintiff to proof of his claim before a court and jury: Hutton v. McLaughlin, 1 Pa. Superior Ct. 642. And to the same effect are Landis v. R. R., 133 Pa. 579; Galey v. Fitzpatrick, 171 Pa. 50.

It has been many times said, and said wisely, that the office of an affidavit of defense, like that of a statement, is to set forth the facts, not the evidence which may be educed in support thereof. This rule is founded on the language of the affidavit of defense law, act of March 28, 1835, sec. 2, P. L. 88, which requires the filing of an "affidavit of defense stating therein the nature and character of the same," and appellant's evident disappointment is because of appellee's obedience to this rule.

OPINION BY RICE, P. J., February 16, 1897:

It is very difficult to discuss this case seriously. The defendant's liability, if any, arose out of an express promise, that, if

the plaintiff would perform her contract with Brown, he, the defendant, would assume Brown's liability for the moneys to be paid the plaintiff thereunder. But the plaintiff's allegations that the defendant did "verbally state that he would assume all liability upon the aforesaid contract," and that the defendant requested the plaintiff to do the work for him, and that she did the work for him, are clearly, explicitly and unequivocally denied. "Where an original obligation upon which plaintiff bases his cause of action is expressly traversed with a specific denial of its material parts, and the whole tenor of the affidavit is a refutation of the contract set up in the plaintiff's declaration, nothing further is necessary to put the plaintiff to proof of his claim before a court and jury:" Hutton v. McLaughlin, 1 Pa. Superior Ct. 642; Barker v. Fairchild, 168 Pa. 246; Galey v. Fitzpatrick, 171 Pa. 50.

The appeal is dismissed at the costs of the plaintiff, but without prejudice, etc.