John N. Spencer, Appellant, *v.* John W. Keeler and William H. G. Kirkpatrick, trading as Keeler & Kirkpatrick.

*Contract—Literal breach by plaintiff—Sufficiency of affidavit of defense.*
In an action on a contract where the affidavit of defense sets up a literal breach by the plaintiff it is sufficient to defeat a compulsory judgment without a hearing.

Argued Oct. 11, 1899. Appeal, No. 147, Oct. T., 1899, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1899, No. 75, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Motion for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that plaintiff, a book agent, sued to recover the amount of $634.61, money deposited to cover the price of books furnished him for sale. The affidavit of defense denied the right of the plaintiff to recover, alleging a breach of

the contract of agency by the plaintiff, and a forfeiture of his right to recover.

The facts are more fully set out in the opinion of the court.

The court below discharged the rule for judgment. Defendant appealed.

*Error assigned* was discharging the rule for judgment for want of a sufficient affidavit of defense.

*Harry E. Kohn*, for appellant.

*Alex. Simpson, Jr.*, with him *Alfred H. Faber*, for appellee.— The averment that the breach was appellant's is sufficient to prevent summary judgment: Martinez v. Earnshaw, 143 Pa. 479; Williams v. Myers, 3 Pa. Superior Ct. 481.

OPINION BY BEAVER, J., November 20, 1899:

The plaintiff seeks to recover upon a written contract in which occur the following provisions: "Fourth. And it is further agreed between the said parties to this contract that at the expiration of the said term of twelve months (if not sooner determined by mutual consent) and the fulfilment of the several covenants and conditions of this contract, the parties of the first part further agree to purchase from said party of the second part all the stock of books that he, the party of the second part, may have on hand purchased from said parties of the first part, paying therefor in current money the same prices originally charged and paid by said party of second part. Now, in consideration of the foregoing and subsequent agreements, the said party of the second part agrees with the said parties of the first part as follows: . . . . Fourth. The said party of the second part further agrees with said parties of first part that he will furnish and pay the sum of seven hundred dollars cash unto the said parties of the first part to cover net price of stock of books furnished him and carried in the said office in said city of Baltimore to supply the trade of said solicitors and canvassers and which said sum of seven hundred ($700.00) dollars shall be repaid to said party of the second part in cash on the day of the termination and fulfilment of this contract."

The plaintiff, in his statement of claim, does not allege a

fulfilment of the contract on his part and, in his argument before us, distinctly admits 'that he did not fulfil it. The defendants distinctly aver in their affidavit of defense a breach of the agreement on the part of the plaintiff as follows : " The said plaintiff failed and neglected to comply with any of the terms set forth in said contract and, after a few' weeks' time, wrote to the said defendants, requesting to be relieved of his duties as such general agent. The said plaintiff thereafter failed to perform any work of any kind for the said defendants and has not, since the latter part of January, 1898, been acting for defendants in any capacity whatever."

As this case is to be tried in the court below, it is not necessary nor is it desirable for us to construe the written article of agreement to which the plaintiff and defendants were parties. It is sufficient to say, as was said in Martinez v. Earnshaw, 143 Pa. 479 : " We know at this time only that a literal breach by the plaintiff is alleged and claimed and a literal breach is enough to defeat a compulsory judgment without a hearing." To the same effect is Williams et al. v. Myers, 3 Pa. Superior Ct. 481, and the cases there cited. The appeal is dismissed at the costs of the plaintiff but without prejudice, etc.