## Margaret A. Watson *versus* Borough of Sewickley.

A borough procured the appointment of viewers to widen and extend a street, and assess damages and benefits to the property holders along said street. The second section of the Act of April 22d 1856, provides that the viewers shall make report to the next session of the Court of Quarter Sessions, and the said court may, at the next session thereafter, or at any subsequent session, on the hearing of such parties as chose to contest the same, modify, approve and confirm the said report, which confirmation shall be final and conclusive upon all parties. In an action of debt to recover an assessment, it appeared that the husband of defendant had been a party to the proceedings in court, but it was not shown that the wife, who owned the property, had notice, or that she appeared in person or by attorney. *Held*, that she was not a party within the meaning of the act, and was not concluded by the proceedings.

October 15th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county*: Of October and November Term 1879, No. 203.

Debt by the borough of Sewickley against Robert Watson and Margaret A. Watson, his wife, for an assessment alleged to be due for the widening and extension of a street.

On the 20th April 1867, a petition was presented in the Court of Quarter Sessions of Allegheny county, at No. 11, March session 1867, setting forth that an ordinance had been passed by the town council of the borough of Sewickley for the widening and extension of Crooked street, in said borough, and changing the name thereof to Lincoln avenue. The court thereupon appointed viewers, and on the 8th of June 1867 the viewers presented their report, which was approved and filed. Attached to the report was a plan of the proposed street, showing the abutting properties, marked with the names of the owners of the property. The report of viewers also contained a schedule of assessments on the owners of the various properties for damages and contributions for benefits.

Exceptions were filed to the confirmation of the report by Robert Watson and Robert Dickson, two of the parties assessed for contributions in said proceeding, but on a hearing the exceptions were dismissed and the proceedings confirmed on the 25th February 1868. On the 22d May 1869, a petition of citizens of said borough was presented in the Quarter Sessions, and a rule granted on the burgess and council to show cause why they should not proceed to open said avenue according to the report of the viewers as confirmed by court, to which an answer was filed by the burgess and council, setting forth that much dissatisfaction was felt by a majority of the citizens directly or indirectly interested therein as to the location of the street, and that the assessment of benefits and damages was greatly oppressive and injurious, and that proceedings were being taken to procure a review in said matter, and pray

[Watson *v.* Borough of Sewickley.]

ing the court to dismiss the rule. In connection with the answer a petition was filed by the burgess and town council, praying for a review and the appointment of reviewers. Accompanying the petition for a review was a petition, signed by ninety of the citizens of said borough, praying the court to grant a review in said matter.

The next step in the case was taken on the 10th of June 1876 —eight years after—when the borough solicitor presented a petition to the court asking for leave to withdraw all papers filed after the confirmation of the original report of viewers. This was not allowed.

On the 22d May 1879, a petition was presented by citizens in interest of said borough, asking the court for a writ in the nature of a mandamus, and a rule was granted on the burgess and town council to show cause why an attachment should not issue against them for a failure to open the street in accordance with the order of court, to which an answer was filed on the 2d June 1879, alleging that no order had ever been issued by the court, but that a petition was presented praying for such order on the 22d May 1869, and the said petition was dismissed by the court.

In the report of the viewers, the property of the defendant was assessed both for damages and benefits in the name of Robert Watson.

Afterwards, to wit, at No. 1145, March Term 1877, an action on the case was brought against Robert Watson by the borough of Sewickley, alleging a liability under the proceedings at No. 11, March Sessions 1867. This case came on for trial on the 12th November 1879, and a special verdict rendered, and after argument in banc, the court entered judgment for defendant *non obstante veredicto*.

Afterwards, to wit, on the 22d March 1879, suit was brought in the nature of an action of debt against said Robert Watson and his wife, Margaret A. Watson, for the amount claimed to be due said borough, under the proceedings at No. 11, March Sessions, 1867. The affidavit of claim averred that the assessment was made in the name of Robert Watson, but that Margaret A. Watson, the real owner of said property, was liable for the payment of the same. The plot attached to the report of the viewers filed, contained no accurate description of any of the properties abutting on the proposed avenue, not even giving the number of front feet on said avenue or any other means whereby the properties could be described or ascertained, while in the affidavit of claim the property of Margaret A. Watson was accurately described as it appeared in her deed, and while it was admitted in the affidavit of defence that the property described in the affidavit of claim and *narr.* was the property of Margaret A. Watson, there was no proof on the trial of the cause that the property so described was the property marked in said plan, in the name of Robert Watson. To

this the defendant, Margaret A. Watson replied, denying that she was liable for the payment of the same; that two years before the opening of said avenue, she became the owner of said property in her own right; that her deed for the property was placed on record immediately after purchase, and was on record before any proceedings were had for the opening of said avenue; that she had no notice of any of the proceedings in this cause from the inception until suit was brought against herself, &c.

The cause came on for hearing on the 12th of June 1879, and after testimony had been taken on both sides, the jury, under the direction of the court, rendered a verdict in favor of plaintiff against Margaret A. Watson for the amount claimed, $1645.66, subject to the opinion of the court in banc on the question of law reserved, viz., whether the defendant was concluded by the proceedings of the Quarter Sessions, at March Sessions of 1867. Afterwards the court entered judgment on the verdict, when defendant, Mrs. Watson, took this writ and alleged that the court erred in this action.

*McCreery & McClelland* and *W. C. Erskine*, for plaintiff in error.—Mrs. Watson was not a " party" to the proceedings and she is not therefore concluded. No notice was ever given to her in any step of these proceedings, and as to her they were void: Pittsburgh *v.* Walter, 19 P. F. Smith 367. A municipal corporation must show affirmatively that all the requirements of a statute have been complied with: Dill. on Munic. Corp. 643, 649, 740 ; Lowell *v.* Wyman, 12 Cush. 273 ; Darlington *v.* Commonwealth, 5 Wright 68. The statute required notice to be given. The assessment is against the owner and not against the land, and is to be enforced against the parties named in the proceedings; first, out of the land named in the proceedings; and secondly, out of other property of parties to said proceedings.

*C. Hasbrouck* and *B. C. Christy*, for defendant in error.—The charges are against the land and not against the owner. Mrs. Watson was the owner and she cannot question the action of the Court of Quarter Sessions.

The viewers were not required to name the owners, but only to designate the property assessed for contribution; nor are the viewers required to give notice to the owners or search them out. At the next or subsequent term after filing the report, the court is to hear such parties as choose to contest the same. What parties? Those owning property assessed for benefits and those claiming damages. After this the confirmation or decree of the court is to be final and conclusive upon all parties. What parties are here meant? Those who choose to contest and those who do not—all parties interested. They had their day in court, one full term, to contest the assessment and show cause, if any they had, why their

[Watson *v.* Borough of Sewickley.]

lands should not be charged for contribution; and that was in the Court of Quarter Sessions, which had exclusive jurisdiction.

Mr. Justice TRUNKEY delivered the opinion of the court, November 17th 1879.

The Borough of Sewickley having ordained the widening and extension of a street to be thereafter known as Lincoln Avenue, on April 20th 1867, procured the appointment of viewers to assess damages and benefits to the several properties along the line of and adjoining the street. Section 2 of the Act of 1856, Pamph. L. 525, provides that the viewers shall make report to the next session of the court, "and the said court may, at the next session thereafter, or at any subsequent session, on the hearing of such parties as choose to contest the same, modify, approve and confirm the said report, which confirmation shall be final and conclusive upon all parties;" and assessments for contributions may be collected in the same manner as other debts due boroughs.

Was Margaret A. Watson a party to the proceedings in the Court of Quarter Sessions? If she was, the decree of that court is final and conclusive against her, as respects her liability in this action; and if not, it is a nullity. As said by the counsel for the defendant in error, all parties, those who chose to contest and those who did not, had their day in court, one full term, to contest the assessment, and show cause, if any they had, why their lands should not be charged for contribution. But he did not show that Mrs. Watson was served with notice, or appeared in person or by attorney. Her husband, Robert Watson, was a party, acting for himself; suit was brought on the decree against him, and proceeded in to judgment in his favor. She is not named in the proceedings, though, by placing her deed on record, she had notified everybody that she owned the land. The statute does not make the wife a party by service of notice on her husband.

The corporate officers are required "to give due and personal notice to all persons resident in the borough, directly interested therein, of any proposition to fix or change the roads, streets, lanes, alleys or courts, or in the grading or regulation thereof, and to designate a time and place when they shall be heard in relation thereto;" and to give notice to non-residents in a prescribed mode. Act April 3d 1851, Pamph. L. 320. Even notice of the widening and extension of Lincoln Avenue was not served on Mrs. Watson: and the burgess did not know it was required. The report of the viewers shows "they caused notice to be given to each of the parties allowed damages or assessed for benefits;" but Margaret A. Watson was not one of them.

It is the intendment of the statutes relating to boroughs, that notice shall be given to every person of a proceeding to fix him for a debt. Not only is it directed of the incipient action to ordain or

[Watson *v.* Borough of Sewickley.]

change streets or alleys, but it is implied in the provision for assessment of damages and benefits.    How can parties choose to contest, and have a hearing in court, unless they have been notified?    And how can a decree be final upon a stranger to the record?    What matters it that the assessment is on property, when the owner is entitled to a hearing before it can be made.    His right to contest is the same whether the assessment be a personal debt or charge on land.    This is not a case, nor is it so contended, where defence can be made on grounds which existed before the decree of confirmation.

Nothing in this action touches the validity of the ordinance, or of the decree of the Quarter Sessions as to those who were parties.

Judgment reversed.    And now judgment for the defendant below upon the reserved points.