## Angle, Appellant, *v.* Stroudsburg Borough.

*Boroughs—Sidewalks—Duty of owner—Notice—Equity.*

A borough has power to ordain the laying of sidewalks by the abutting owners, and upon their default, to lay the walks and collect the cost, with an addition of twenty per centum, as provided by the general borough law of April 3, 1851, sec. 2, P. L. 320. The owner, however, cannot be deemed in default, if he has not received reasonable notice to do the work.

Where a borough ordinance fixes sixty days as the period of notice to lay sidewalks, and the ordinance applies to certain streets only, a subsequent ordinance applying to other streets of the borough, and fixing thirty days as the period of notice, is void.

A court of equity has jurisdiction to restrain borough authorities from enforcing an ordinance requiring owners to lay sidewalks within thirty days, where it appears that such ordinance is invalid, and that no appeal to the quarter sessions could be heard until after the expiration of thirty days. In such a case the remedy at law is inadequate.

Argued Jan. 9, 1905. Appeal, No. 33, Jan. T., 1905, by defendant, from decree of C. P. Monroe Co., No. 16, Dec. T., 1903, on bill in equity in case of W. C. Angle, Cora B. Angle, Charles M. Angle and Phœbe Sellwood v. Stroudsburg Borough. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for an injunction. Before STAPLES, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree enjoining the defendants.

*F. B. Holmes*, with him *John B. Williams*, for appellant.—The notice was sufficient: Beltzhoover Borough v. Maple, 130 Pa. 335; Klingler v. Bickel, 117 Pa. 326; 1 Trickett's Borough Law, 126.

The court had no jurisdiction: Bortzman v. Riehl, 119 Pa. 645; Yetter v. R. R. Co., 206 Pa. 485; Hamersly v. Germantown, etc., Turnpike, 8 Phila. 314; Com. v. Baxter, 35 Pa. 263; Com. v. Leech, 44 Pa. 332; Harper's Appeal, 109 Pa. 9; App. of Borough of Verona, 108 Pa. 83; Livingston v. Wolf, 136 Pa. 519; Com. v. Beaver Borough, 171 Pa. 542; New Boston Coal & Mining Co. v. Water Co., 54 Pa. 164.

*W. B. Eilenberger*, with him *Harvey Huffman*, for appellees.

OPINION BY SMITH, J., December 12, 1905:

This case appears complicated through the introduction of two distinct and unrelated borough ordinances, and of notices given under each, as fixing the rights and liabilities of the parties. The original bill recites an ordinance enacted October 7, 1903, relating to the sidewalks on Broad street. The answer to one of the amendments refers to an ordinance enacted May 10, 1893, as establishing sidewalks on Broad street, and a subsequent amendment of the bill recites this ordinance in full. Upon a careful examination of the pleadings and evidence, and a full consideration of the questions involved, it is obvious that the ordinance of 1893 has no more than an incidental bearing on the case, and that the powers of the borough authorities and the duty of the plaintiffs arise from the ordinance of 1903. The ordinance of 1893 provides that Broad street be " widened, straightened and laid out to the uniform width of thirty-three feet " between certain termini, in conformity with certain lines, courses and distances therein set forth ; besides laying out the sidewalks of the uniform width of seven feet between certain designated points, and of the uniform width of six feet between other designated points, within which are embraced the lands involved in the present controversy. The ordinance of 1903 requires the owners of all lands fronting on Broad street to lay sidewalks seven feet wide. The ordinance of 1893, however, goes no further than to fix the width of the walks ; it has neither a direction that they shall be built by the abutting owners, nor a provision for their construction by the borough authorities upon the owner's neglect to lay them. This ordinance, therefore, is only directory, and is wholly inoperate as a measure of compulsion. The ordinance of 1903 provides that upon failure of the owner to lay the walk, as therein directed, the borough authorities shall cause it to be built, and collect from the owner the cost, with twenty per centum in addition. The action of the borough authorities in the present case, therefore, in relation to an enforcement of the requirement that the walks shall be laid by the abutting owners, must rest on the ordinance of 1903.

There can be no question, under all the authorities, that the

borough had power to ordain the laying of sidewalks by the abutting owners, and upon their default to lay the walks and collect the cost, with an addition of twenty per centum, as provided by the general borough law of April 3, 1851, sec. 2 P. L. 320.    Here, the walks not having been laid by the owners within the period fixed by the ordinance of 1903, the borough authorities assumed that the owners were in default, and took steps for laying the walks.

The right of the borough authorities thus to proceed depends on whether the owners were actually in default.    If, when the work of laying the walks was undertaken, the authorities had done everything essential to make it the duty of the owners to lay them, the latter were in default.    On the other hand, if the authorities had omitted any step necessary to cast on the owners the duty of laying the walks, there was no default on the part of the latter such as would authorize the former to assume the work.    A full examination of the case leaves it clear that the only matter open to controversy is the question whether the owners had received such notice that their failure to act in the premises placed them in default.

It is the intendment of the statutes relating to boroughs that notice shall be given to every person of a proceeding to fix him for a debt.    How can parties choose to contest, and have a hearing, unless they have been notified ?    The right to contest is the same, whether the assessment be a personal debt or a charge on land : Watson v. Boro. of Sewickley, 91 Pa. 330.    In Pittsburg v. Biggert, 23 Pa. Superior Ct. 540, this subject is exhaustively discussed, and the authorities reviewed, by the president of this court, with the conclusion, resting on both reason and authority, that the duty of the owner, in matters of municipal improvement or police, arises only " when, and not until, the municipality by a valid ordinance has required him to make the improvement, and, in order that he may have opportunity to perform it, has notified him," and that, " in the absence of waiver or ground of estoppel, notice seems to be as essential to the imposition of the duty to make the improvement as the enactment of the ordinance, and where there is no duty there can be no default."

With respect to notice, in relation to borough improvements, the Act of July 12, 1897, P. L. 246, amending subdivision VIII.

of section 3 of the general borough law of 1851, directs "at least ten days' notice, by not less than ten handbills posted on the line of the proposed improvement, of any proposition to fix or change the grade, or the laying out, widening, straightening, extending or vacating of any streets, roads, lanes or alleys, and in such notice to designate a time and place where objections thereto shall be heard." This, however, does not apply to sidewalks, and directs only a general public notice. In the statutory provisions for personal notice to individuals, no period of notice is fixed. The general borough law of 1851, section 3, subdivision VI., requires " due and reasonable personal notice of all orders and regulations affecting particular individuals." The Act of May 16, 1891, P. L. 75, section 11, provides that " after notice " to abutting owners, and their default, the authorities may do the necessary work and assess the cost on the owners. The Act of May 24, 1901, P. L. 297, directs personal service on the resident owner of all notices to build or repair sidewalks, with a mode of substituted service when he is a nonresident, but without specifying the period of such notice.

The statutory omission on this point is supplied, to some extent, by ordinances of the borough of Stroudsburg. An ordinance of May 7, 1890, fixes sixty days as the period of notice to set curbstones or lay sidewalks, and thirty days to reset or repair them. By its terms, however, this ordinance applies only to such streets and alleys " as are now finally regulated " in accordance with a plan previously adopted by the council, while the street involved in the present proceeding was regulated by the later ordinance of 1893. The ordinance of 1903, which relates only to this street, requires the work to be done by the owner within thirty days from and after the passage of the ordinance.

The general borough law of 1851, section 2, subdivision VI., directs the laying of sidewalks by the authorities upon the owner's default " within the time prescribed by the general regulations ; " and the Act of May 24, 1901, P. L. 297, directs the mode of serving notices to build or repair sidewalks issued by the borough authorities " under their regulations." The only statutory regulation relating to the period of notice to individuals directs that it be " due and reasonable." The

borough ordinance of 1890 fixes sixty days as the due and reasonable period of notice to lay sidewalks, and thirty days as the due and reasonable notice to repair them.    Thus, from the date of this ordinance until the enactment of the ordinance of 1903, sixty days was the period of notice to lay sidewalks, to be given by the borough authorities, " under their regulations." True, these regulations did not, in terms, apply to the street involved in the present controversy.    But regulations of this description, affecting municipal improvements and police, must be uniform in their operation, in the absence of conditions obviously demanding a different rule ; and there is no suggestion of the existence of such conditions in the present case.    The ordinances of 1890 and of 1903 are in pari materia and the owners of property affected by the latter cannot be subjected to more onerous regulations than those established for owners of property affected by the former, for the performance of substantially the same duties.    Whether, if the ordinance of 1903 stood alone, the period which it fixes would be deemed reasonable, need not be here considered.    It must be held not " due and reasonable," in requiring the performance of the duty imposed within a more limited period than that granted to the owners of property in another part of the borough for the performance of like duties under substantially similar conditions.    In Black v. Roebuck, 17 Pa. Superior Ct. 324, a borough ordinance required the work to be done within thirty days after the date of the ordinance.    The question of the reasonableness of this notice was not raised ; the objection being that " the work was not done in accordance with a general regulation prescribed," and that notice had not been given.    It did not appear, however, that any general regulations had been ordained by the borough authorities, and it did appear that notice had been given.    This court held that the duty of the owner might be fixed by ordinance in a specific case, without a preceding ordinance establishing general regulations, and the claim of the borough was therefore sustained.    In the case before us, the regulations established by the ordinance of 1890, though in terms applying only to a portion of the · borough, must be regarded as so far general in their nature and operation that owners of property in another portion cannot be denied an equal period for the performance of similar duties.

Hence the provision of the ordinance of 1903, requiring the work to be done within thirty days from and after the date of the ordinance, must be held void.

The conclusion thus reached makes it unnecessary to consider the numerous collateral questions raised in the case.

The contention that a court of equity is without jurisdiction, and that the only remedy open to the plaintiffs is an appeal to the quarter sessions under the Act of May 22, 1883, P. L. 39, amending section 2 of the general borough law of 1851, requires little discussion. Jurisdiction in equity depends not merely on the absence of a legal remedy, but on the inadequacy of the remedy at law. There is no provision for entering an appeal to the quarter sessions except while the court is sitting, or for restraining the borough authorities from proceeding meantime. In the case before us, the owners were required to do the work within thirty days from and after the passage of the ordinance of October 7, 1903, and the next court of quarter sessions did not sit until the second Monday of December following. Thus the time fixed for complying with the ordinance expired more than a month before an appeal could be entered. In the present case, therefore, the remedy at law is wholly inadequate. It cannot be regarded as superseding the remedy in equity, which is so well established that the citation of authorities in its support is unnecessary.

Decree affirmed.