## Canton Borough *v.* Williams, Appellant.

*Road law—Public highway—Public use—Sidewalk.*

A property owner sued by a borough for the cost of constructing a sidewalk, cannot claim that the street on which the sidewalk was constructed was not a public highway, where the evidence shows that the street had been used as a public highway long before the incorporation of the borough, and that for thirty years subsequently to the incorporation, it had been maintained by the borough authorities, although never dedicated to public use by the owners of the land, nor formally accepted by the borough. The rights of the public in such a street are, however, founded only upon prescription, and are confined to the limits established by the public use. There is no presumption that it is of uniform width, or that it is straight.

Assessments for the construction and maintenance of sidewalks involve an exercise of the police power, not of the taxing power; it is, therefore, immaterial whether the property is rural or urban, and the municipality is not required to establish that the abutting property was peculiarly benefited by the improvement; nor can the owner claim that the property was farm land, and not properly included within borough limits.

When the legislature confers upon a municipality the power to pass an ordinance to compel property owners to repair a sidewalk, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the corporation, or under a grant of power general in its nature. An ordinance requiring property owners to repair sidewalks, and if they neglect to do so, after five days' notice, to charge them with the cost of repairs made by the borough, is a valid ordinance.

Where a property owner receives such notice, neglects to repair, and a suit is brought against her by the borough for the costs of the repairs, she cannot set up as a defense that the time given was not reasonable where it appears that after she received the notice, she informed the borough officials that she would not repair the walk because her property was farm land, and not suitable for building purposes. Having thus placed herself in a position where it was her duty to speak, she must be held to have waived any objection that the time allowed her to construct the sidewalk was insufficient.

Where a borough has not established a paper grade for a street, it is the duty of an abutting owner called upon to rebuild a sidewalk, to construct the same at the then existing grade of the old sidewalk.

Argued Nov. 21, 1916.    Appeal, No. 256, Oct. T., 1916, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1914, No. 20, on verdict for plaintiff in case of Canton Borough v. Hattie Williams.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit to recover the cost of rebuilding a sidewalk.    Before MAXWELL, P. J.

From the record it appeared that on August 16, 1912, the Borough of Canton served notice on Hattie Williams to build a sidewalk along the east side of Sullivan street from the county bridge for a distance of about 175 feet to a stone walk already laid. The notice required the work to be done within five days, and on default thereof the same would be built by the borough authorities. The defendant did not build the walk and it was subsequently constructed by the borough, and suit was brought to recover the cost thereof. The defendant claimed among other matters of defense that Sullivan street was not a public highway, that her land was farm land, and not properly assessible for a sidewalk; that the notice was unreasonably short; and that the borough had not established a grade at which the sidewalk was to be laid.

Defendant presented amongst others, the following points:

First: The court erred in refusing to affirm the defendant's first point (page 14).

1. "If the jury find from the evidence that the walk constructed by the Borough of Canton on or about the 2d day of October, 1912, in pursuance of a notice given to Hattie Williams, dated August 16, 1912, notifying her to construct a side- or footwalk in front of the lot of ground owned by her (situated on the east side of Sullivan street), same being from the bridge southward to a stone walk already laid, is wholly within the street, and runs diagonal partly across the street, connecting from the street line to the county bridge, and is several feet within the street, the defendant, as owner of the adjacent lands, is not an abutting property owner within the meaning of the act, and your verdict as to that part of the plaintiff's claim, which amounts to $105, must be for the defendant." Answer. Refused. (1)

Second: The court erred in refusing to affirm the defendant's second point (page 15).

2. "If the jury find from the evidence that the lands owned by the defendant, situated on the east side of Sullivan street, along which the several portions of walk were constructed by the Borough of Canton, and for which this action is brought, are rural farm lands, the plaintiff cannot recover, and your verdict must be for the defendant." Answer. Refused. (2)

3. "That it was the duty of the borough authorities to establish a grade along the east side of Sullivan street, as required by the borough ordinance in conformity with which the abutting property owners might construct their side- or footwalks, and if the jury find from the evidence that no such grade was established by the borough authorities, previous to the building of the walk in question, by the borough, then the plaintiff cannot recover, and your verdict must be for the defendant." Answer. Refused. (3)

4. "That the ordinance of Canton Borough, No. 58, approved September 18, 1908, and under and by virtue of which the plaintiff seeks in this case to recover, is indefinite and void for the reason that it does not provide any time within which or at the expiration of which the abutting property owners along the east side of Sullivan street shall be required to construct a side- or footwalk, as provided in said ordinance, and therefore your verdict must be for the defendant." Answer. Refused. (4)

7. "That it was the duty of the borough authorities to give the abutting property owners proper notice to construct their side- or footwalks, in accordance with the borough ordinance, and if the jury find from the evidence that such notice was not properly given previous to the construction of the walk by the borough, itself, the plaintiff cannot recover, and your verdict must be for the defendant." Answer. Refused. (7)

9. "That Ordinance No. 58 of Canton Borough, approved September 17, 1908, requiring the abutting property owners to construct a side- or footwalk, along the east side of Sullivan street, is unreasonable, illegal, and void, so far as it applies to rural farm lands, lying along the southern extremity of said street and if the jury find from the evidence that the walks in question were so constructed by the borough along the farm lands of the defendant on the easterly side of Sullivan street, your verdict must be for the defendant." Answer. Refused. (9)

Verdict and judgment for plaintiff for $191.57. Defendant appealed.

*Errors assigned,* amongst others, were (1-4, 7, 9) above instructions quoting them.

*H. K. Mitchell* and *Lee Brooks,* for appellant.—No law of the State of Pennsylvania, or ordinance of Canton Borough has been cited which would require or com-

239, (1917).]    Arguments—Opinion of the Court.

pel a property owner to build a sidewalk at any point in the highway, except along the street line: Athens Borough v. Carmer, 169 Pa. 426; Beltzhover Borough v. Maple, 130 Pa. 335.

One of the first and primary requisites of a borough ordinance is that it must be reasonable, fair and impartial: Commissioners of Northern Liberties v. Gas Co., 12 Pa. 318; Kneedler v. Borough of Norristown, 100 Pa. 368; Millertown Borough v. Bell, 123 Pa. 151.

No grade was established by the borough to which the walks could have been laid: Phillipsburg v. Way, 12 Dist. Rep. 173.

The law requires that notice shall be given the property owners to build or repair their walks, and that this notice shall be due and reasonable: Angle v. Stroudsburg Borough, 29 Pa. Superior Ct. 601.

*T. S. Hickok,* with him *C. E. Bullock,* for appellee.

OPINION BY PORTER, J., July 13, 1917:

This is an action to recover for the construction of a sidewalk or footwalk in front of the property of the defendant, which she, after notice, had failed to construct. The defendant raised every possible objection to the payment of this claim, contending, among other things, that the street upon which the walk was laid was not a public highway. The trial resulted in a verdict and judgment in favor of the plaintiff, from which we have this appeal.

There was nothing in the evidence, at the trial, from which a jury should have been permitted to infer that the ancient road which existed prior to the incorporation of the borough had been laid out by public authority, nor that it had been formally dedicated to public use by the laying out of a plan and the sale of lots by the owners of the property over which it was located, nor that the council of the borough had ever taken any legal action to widen or straighten the old road. The evidence

produced by the borough and by the defendant did, however, conclusively establish that the road had been used as a public highway long before the incorporation of the borough and that subsequently to that incorporation the road had been maintained by the borough authorities as a public highway. About thirty years ago the county had erected a county bridge across Towanda creek, which flowed across the old road, thus replacing an old bridge which may have been erected by some township, but the history of which seems to have been lost in obscurity. The borough had for thirty years maintained a footwalk, constructed of planking nailed to stringers along the east side of the street, which footwalk curved slightly to the westward as it approached the county bridge and connected with the footwalk provided for pedestrians on the eastern side of that bridge. These facts being on all hands admitted to be true there can be no question that the road, which is now called Sullivan street, was a public highway, over which the borough authorities had jurisdiction. It was, however, a highway, the rights of the public in which were founded only upon prescription and was confined to the limits established by the public use. There is no presumption that such a road is of uniform width or that it is straight; if the municipal authorities desire to widen or straighten it they must do so by a valid ordinance, in the manner directed by law, so that the owners of property taken or injured by the proceeding may receive compensation. There was no evidence in this case from which a jury should have been permitted to infer that the highway, at any part thereof, extended over land to the eastward of the eastern line of the old sidewalk, as it had been maintained by the borough for thirty years. It is true that one witness testified that there had at one time, prior to the erection of the county bridge, existed a footbridge, distinct from the old bridge over which the road passed, which was in a straight line with the main parts of the sidewalk upon the eastern side of the road, but the witness did not pre-

tend to say how long that footbridge had continued in existence. That footbridge ceased to exist at least thirty years ago and it would have been manifestly improper to permit a jury to find, upon such evidence, that the public had acquired a prescriptive right to a highway over the land between the old road and the ends of the footbridge. This disposes of the contention of the defendant that her lands did not abut upon the sidewalk; there can be no question that she has the exclusive right to the use of her lands up to the eastern line of this sidewalk. The eastern line of the present sidewalk is upon the exact location of the line of the old sidewalk.

The contention of the appellant that she cannot be required to pay for the cost of laying this sidewalk, for the reason that her property is farm land, capable of being used only as a pasture, is not well founded. The question whether this was such farm land as not to be properly included within the borough limits is one which ought to have been settled at the time of the incorporation of the borough. The predecessors in title of this defendant permitted this land to be included within the borough limits, and the land is subject to the jurisdiction conferred by the statutes upon the authorities of the borough. Assessments for the construction and maintenance of sidewalks involve an exercise of the police power, not of the taxing power; it is, therefore, immaterial whether the property is rural or urban and the municipality is not required to establish that the property of the defendant was peculiarly benefited by the improvement; Philadelphia v. Weaver, 14 Pa. Superior Ct. 293; Pittsburgh v. Biggert, 23 Pa. Superior Ct. 541, and cases there cited. The statutes which confer upon boroughs jurisdiction to require property owners to construct, maintain and repair sidewalks have been reviewed and commented upon in Smith v. Kingston Borough, 120 Pa. 357; Steelton Borough v. Booser, 162 Pa. 630; Angle v. Stroudsburg Borough, 29 Pa. Superior Ct. 601, and it is not necessary that we discuss at length the provisions of

those statutes. The power to regulate sidewalks and require them to be paved and kept in repair is expressly conferred by the statutes. Whether sidewalks shall be maintained upon any street, or part thereof, is a question for the municipal authorities to determine. When the legislature in terms confers upon a municipal corporation the power to pass ordinances of a specific and defined character, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words, what the legislature distinctly says may be done, cannot be set aside by the courts because they deem it to be unreasonable or against sound policy: Ligonier Valley Railroad Co. v. Latrobe Borough, 216 Pa. 221; Mahanoy City Borough v. Hersker, 40 Pa. Superior Ct. 50. The borough had jurisdiction to require the sidewalk in question to be maintained and kept in repair by this defendant.

We come now to the question whether the borough, under the facts of this case, properly exercised the power which it possessed. The evidence clearly established that this was not a case of original construction of a sidewalk upon a street. The defendant was clearly correct when she said in her affidavit of defense "that the Borough of Canton did repair or reconstruct two separate pieces of side- or footwalk along the eastern portion of Sullivan street as set forth in the plaintiff's statement, but states that said walk so alleged to have been by the borough constructed was simply a repair or reconstruction of the said side- or footwalk which the Borough of Canton had previously constructed and was already maintaining." The sidewalk was laid upon the exact location of a sidewalk which had been continuously maintained for a period of over thirty years. This being the case it is not necessary to discuss the contention of the defendant that the ordinance of September 17, 1908, referring to this

particular sidewalk was invalid, nor whether it was properly authenticated upon the ordinance book of the borough.   If that ordinance was valid the liability of the defendant cannot be questioned.   If that ordinance was invalid, then the ordinance of March 20, 1894, the validity of which is not questioned, which ordained general regulations with regard to sidewalks in the borough, is clearly applicable.   The third section of that ordinance provided that: "All persons within this borough having sidewalks in front of their premises shall be required to keep the same in good repair, and all persons who shall neglect to repair their sidewalks as aforesaid, shall be notified by the street commissioner to repair the same immediately, and if after five days from the time of such notice such walk is not properly repaired, then it shall be the duty of the street commissioner to repair the same, charging said party the cost of such repair."   The property of the defendant had a sidewalk in front thereof and came directly within the terms of this ordinance.   It was the duty of the defendant to keep that sidewalk in repair. It was an undisputed fact in this case that the old sidewalk was so rotten, decayed and dangerous that an entire new sidewalk was absolutely necessary for the protection of pedestrians against injury.   The street commissioner would have been guilty of a breach of duty if he had not required the entire sidewalk to be reconstructed.   That the officers of the borough, in the discharge of their ministerial functions, had neglected their duty to require this defendant to keep the sidewalk in repair, did not relieve her from the discharge of her duty, imposed by the ordinance, when she was notified to perform.

The defendant contends that the notice which she received was insufficient, that it was impossible for her to have the sidewalk reconstructed within five days.   The statutes require notice, but they do not fix the period of notice: Angle v. Stroudsburg Borough, supra; Smith v. Kingston Borough, 120 Pa. 357.   The general regulations

of this borough, contained in the provisions of the ordinance above quoted, require notice of five days, to an owner who is called upon to repair or reconstruct a sidewalk, and such was the notice given in this case. There is nothing, therefore, in the statutes or the ordinances of the borough which expressly requires that the notice be for a greater period than that which was afforded in this case. The purpose of notice is to give the owner an opportunity to do the work himself, or to have it done upon terms most advantageous to him. The contention of the defendant is that five days, the period during which she was required to reconstruct her pavement, did not give her sufficient time within which to do the work, that the time given was not reasonable. The difficulty which the defendant encounters upon this point is that the evidence conclusively establishes that her failure to perform her duty, to repair the sidewalk, was not because the time allowed by the ordinance was insufficient. The defendant, herself, testified that she had sent notice by her husband to the borough officials that she would not build this walk because her property was farm land and unsuitable for building purposes. She testified that she had acquired title to the property a short time before the notice was served, and her entire testimony renders it too clear for argument that the notice which she sent to the borough council referred to any time other than that at which she had been served with notice to repair the sidewalk. When she thus sent word to the borough council, which in this matter was discharging merely a ministerial function, and stated her reason for not building the sidewalk, it was her duty, if she considered the period of time allowed her to do the work insufficient, to so distinctly state. Having thus placed herself in a position where it was her duty to speak, she must be held to have waived any objection that the time allowed her to construct the sidewalk was insufficient.

The contention of the appellant that the borough ought to have first established a grade at which the side-

walk was to be laid is without merit.   The borough had not established a paper grade for the street, and, this being the case, the duty of the defendant was to construct the sidewalk at the then existing grade of the old sidewalk.   The borough reconstructed the sidewalk upon the then existing grade, and is not here asking the defendant to pay for grading.   The specifications of error are dismissed.

The judgment is affirmed.