Ralph H. Sweigart, Appellant, *v.* Borough of Ephrata and Carl W. Fuehrer, Borough Manager, Appellees.

Argued September 11, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Richard P. Nuffort,* with him *Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for appellant.

*Christopher S. Underhill,* with him *Windolph, Burkholder & Hartman,* for appellees.

OPINION BY JUDGE ROGERS, October 1, 1975:

Pursuant to the powers delegated by Article XVIII of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, 53 P.S. §§46801 through 46806, the Borough of Ephrata, Lancaster County, enacted an ordinance requiring property owners to construct sidewalks when directed to do so by Borough Council and providing that in the event of the owner's failure to do so the Borough would have the work done at the owner's cost. The Borough directed the appellant, Ralph H. Sweigart, to install a sidewalk in September 1972 and, upon the appellant's failure to comply, it informed him in July 1973 that if the sidewalk was not installed by him by August 15, 1973 the Borough would undertake the installation at his expense as provided by its ordinance and The Borough Code. On August 16, 1973, Mr. Sweigart filed his complaint in equity seeking an injunction restraining the Borough and its manager from installing the improvement. The complaint asserted that the Borough's directive to install sidewalks and threatened action to install them itself at the plaintiff's cost was unnecessary, arbitrary, discriminatory and an abuse of power because the plaintiff's property is unimproved farm lands, sidewalks have not been required to be installed on similar properties, there is little pedestrian traffic at the location of the property and the cost to the plaintiff of the improvement would exceed the public benefit to be conferred. The Borough's answer denied those charges. After trial, the Chancellor, Judge W. HENSEL BROWN, entered a decree nisi dismissing the complaint, and thereafter dismissed ex-

ceptions and entered the decree nisi as a final decree. Mr. Sweigart has appealed and we affirm.

Contentions similar to those of the appellant were made by the property owner in *Canton Borough v. Williams*, 67 Pa. Superior Ct. 239 (1917), and answered in the following fashion:

"The contention of the appellant that she cannot be required to pay for the cost of laying this sidewalk, for the reason that her property is farm land, capable of being used only as a pasture, is not well founded. The question whether this was such farm land as not to be properly included within the borough limits is one which ought to have been settled at the time of the incorporation of the borough. The predecessors in title of this defendant permitted this land to be included within the borough limits, and the land is subject to the jurisdiction conferred by the statutes upon the authorities of the borough. Assessments for the construction and maintenance of sidewalks involve an exercise of the police power, not of the taxing power; it is, therefore, immaterial whether the property is rural or urban and the municipality is not required to establish that the property of the defendant was peculiarly benefited by the improvement; Philadelphia v. Weaver, 14 Pa. Superior Ct. 293; Pittsburgh v. Biggert, 23 Pa. Superior Ct. 541, and cases there cited. The statutes which confer upon boroughs jurisdiction to require property owners to construct, maintain and repair sidewalks have been reviewed and commented upon in Smith v. Kingston Borough, 120 Pa. 357; Steelton Borough v. Booser, 162 Pa. 630; Angle v. Stroudsburg Borough, 29 Pa. Superior Ct. 601, and it is not necessary that we discuss at length the provisions of those statutes. The power to regulate sidewalks and require them to be paved and kept in repair is expressly conferred by the statutes. Whether sidewalks shall be maintained

upon any street, or part thereof, is a question for the municipal authorities to determine. When the legislature in terms confers upon a municipal corporation the power to pass ordinances of a specific and defined character, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words, what the legislature distinctly says may be done, cannot be set aside by the courts because they deem it to be unreasonable or against sound policy; Ligonier Valley Railroad Co. v. Latrobe Borough, 216 Pa. 221; Mahanoy City Borough v. Hersker, 40 Pa. Superior Ct. 50. The borough had jurisdiction to require the sidewalk in question to be maintained and kept in repair by this defendant." 67 Pa. Superior Ct. at 245.

This statement of law disposes of the appellant's contention that the Borough may not require sidewalks because his land is unimproved farm land.

The plaintiff's charges of discrimination and arbitrary abuse of power were not established at the trial below, at which he depended primarily upon photographs of properties of other persons not improved by sidewalks. The Borough adduced the testimony of its manager that it was the Borough's invariable policy to require that sidewalks (and other improvements) be constructed by owners coincident with the improvement of public streets by the Borough and that the order complained of by the appellant was occasioned by the improvement of the street adjoining the appellant's property. Judge BROWN found that "the Borough requires curbing and sidewalk and water service be constructed or repaired along a given street . . . when that street is being constructed or improved"; that "[t]here have been no exceptions by the Borough to this procedure or policy"; and that the Borough action complained of was in pursuance of this

policy. The findings of a Chancellor will not be disturbed if there is testimony which if believed will warrant them. *Ross v. Philadelphia Federation of Teachers*, 8 Pa. Commonwealth Ct. 204, 301 A.2d 405 (1973).

Decree affirmed.