## Commonwealth v. Valence

*Ralph Matergia, Assistant District Attorney*, for the Commonwealth.
*Arthur L. Zulick*, for defendant.

WILLIAMS, *S.J.*, June 1, 1983—Defendant was given a citation by Gary Roberts, Chief of Police of the Borough of Stroudsburg, alleging a violation of Borough Ordinance No. 510, which requires an owner of property to clear the sidewalk in front of her property within eight hours after a snow fall ends or within eight hours after ice has formed on the sidewalk.

The ordinance provides:

"SECTION 2. In any case where the owner occupier or tenant as the aforesaid, shall fail to comply with any of the provisions of the first section of this Ordinance within the time limit prescribed therein, the Borough authorities *may* proceed immediately to clear all snow and/or ice from the sidewalk of such owner or occupant or tenant and to collect the expenses thereof, with any additional amount allowed by law from such owner, occupant or tenant as the case may be, in addition to any fine or penality imposed under the third section of this Ordinance." (Emphasis supplied.)

SECTION 3 of the ordinance imposes on a person convicted a penalty of not more than $25 and costs

of prosecution, and in default of payment, ten days imprisonment. This section provides that each day a violation occurs shall constitute a separate offense.

A hearing on the merits was held before District Justice Dale Keenhold at the conclusion of which he did not enter a guilty or not guilty verdict, but dismissed the citation on what he designated as a Commonwealth procedural error. The district justice's order reads as follows:

"AND NOW, this 25th day of March 1983; Upon review of testimony presented at Trial on March 24, 1983 and review of Stroudsburg Ordinance #510, this Court finds that the Commonwealth procedurally errored in its prosecution of the above referenced case. That although the Defendant did not raise this objection, the Court has made its determination in the interest of Justice. An explanation of the procedural error is hereto attached. In the opinion of this Court this procedural error is just cause for the dismissal of these charges and all other similar complaints should no appeal be taken by the Commonwealth within 30 days of the date of this Order."

Attached hereto and made a part of this opinion and marked "Exhibit A" is a statement in which the district justice purports to support the dismissal order entered by him.

The Commonwealth urges that the district justice erred in dismissing the citation and his failure to enter either a guilty or not guilty verdict as required by Pa.R.Crim.P. 63. That while Pa.R.Crim.P. 67 does not permit the Commonwealth to appeal, the court may invoke its supervisory powers to correct an error of law.

Defendant has requested this court to dismiss the

Commonwealth's petition, urging (1) that no appeal lies from an acquittal by a district justice and (2) double jeopardy. Counsel does not assert the validity of the decision, but argues that it is final.

Since the written statement of the district justice is far reaching in that it purports to pre-judge every future complaint filed by the borough under the subject ordinance, it is imperative that this court express its opinion on the legality of the dismissal of the complaint.

While the order states that the dismissal of the citation is due to a procedural error on the part of the Commonwealth, what the district justice actually did was to misinterpret the law as to the validity of the ordinance. He clearly believed that in order for the ordinance to be enforced, the borough must first remove the snow or ice from the sidewalk. Apparently, he has interpreted the word "may" to mean "shall." The Pennsylvania Superior Court in Canton Borough v. Williams, 67 Pa. Super. 239, (1917) and the Commonwealth Court in Ralph H. Sweigart v. Borough of Ephrata, et al, 21 Pa. Commw. 280, 344 A. 2d 734 (1975), dealt with certain sections of the Borough Code, using the identical language as contained in the ordinance, and found them valid. What the district justice did in the present instance, and which both cited appellate decisions frown upon, is to usurp the legislative power of the Borough Council and engaged in judicial legislation.

The court said at 283:

"When the legislature in terms confers upon a municipal corporation the power to pass ordinances of a specific and defined character, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been

regarded as unreasonable if passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words, what the legislature distinctly says may be done, cannot be set aside by the courts because they deem it to be unreasonable or against sound policy; Ligonier Valley Railroad Co. v. Latrobe Borough, 216 Pa. 221; Mahanoy City Borough v. Hersker, 40 Pa. Superior Ct. 50. The borough had jurisdiction to require the sidewalk in question to be maintained and kept in repair by this defendant. 67 Pa. Superior Ct. at 245."

The employment of the word "may" in the ordinance *permits* the borough to remove snow and ice from a sidewalk and to charge the cost to the owner tenant or occupier of the property. The district justice has treated "may" to mean "require" which clearly constitutes a judicial usurpation of the power of the borough to legislate control of sidewalks in the borough expressly granted to them by the Borough Code. There was no basis to dismiss the citation because of a Commonwealth procedural error. The dismissal stemmed from a substantive error of law by the district justice.

## RIGHT OF APPEAL

While we agree the Commonwealth may not appeal from an acquittal of a district justice, here there was no such acquittal.

The Commonwealth does have a right to appeal when the district justice has dismissed a case on an issue of law when the error resulted in a termination of the case which is what occurred in the present instance.

The applicable law is set forth in a decision of the Pennsylvania Supreme Court in Com. v. Ray, 448

Pa. 307 292 A. 2d 410 (1972). The law on this issue is well stated by the court in In Re Petition of Township of North Huntingdon, 20 D. & C. 3d 744 (1981):

"We recognize that the Commonwealth may not appeal a verdict of "not guilty" entered by a magistrate, and the Pa.R.Crim.P. 67 dealing with appeals from summary judgment grants the right to appeal "After conviction: only to defendant. But, it is also true that the Commonwealth may appeal from certain pretrial orders which involve a pure question of law and which in effect terminate the action. See Com. v. Ray, 448 Pa. 307, 292 A. 2d 410 (1972)."

The district justice also violated Pa.R.Crim.P. 70 which became effective July 1, 1982, and provides as follows:

"A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons or warant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the summary trial and the defect is prejudicial to the rights of the defendant."

The record shows that no issue of a procedural nature was raised by defendant. The district justice says he raised the issue in the interest of justice. The above rule prohibits his action. While he mistakenly concluded the borough proceeded incorrectly in not clearing the snow and ice from the sidewalk before issuing the citation, yet his order clearly states that he dismissed the citation on procedural grounds. Thus he committed two errors of law: (1) He violated Pa.R.Crim.P. 70 and (2) he

wrongly interpreted the requirements of ordinance no. 510. Com. v. Flanders, 247 Pa. Super. 41, 371 A. 2d 1316 (1977).

## DOUBLE JEOPARDY

Defendant's reliance on the defense of double jeopardy is misplaced. The situation before us in analogous to a common pleas criminal trial which is terminated when the trial judge sustains a demurrer to the evidence. In such a case the Commonwealth has a right to appeal and if the appeal is sustained defendant may be retired. No double jeopardy is present. Com. v. Yahnert, 216 Pa. Super. 159, 161, 264 A. 2d 180 (1970).

Likewise, if at a preliminary hearing, after the Commonwealth has presented its evidence, the district justice dismisses the case because he finds the Commonwealth has failed to establish a prima facie case, the defendant may be re-arrested. Pa.R.Crim.P. 120; Com. v. Gagliardi, 51 D. & C. 2d 749 (1971).

If the district justice had even erroneously acquitted defendant, the Commonwealth would have no right to appeal. There having been no acquittal it has a right to a hearing de novo in the common pleas court.

## ORDER

And now, June 1, 1983, the Commonwealth's appeal from the dismissal of the case is sustained. Defendant's motion to quash is denied. The prothonotary is directed to list the case for trial at the next summary court session.